## GARCIA v. VOLPE et al.  (No. 8221.)

Court of Civil Appeals of Texas.  San Antonio.
May 15, 1929.

·M. J. Raymond and N. A. Rector, both of Laredo, for plaintiff in error.

Mann, Neel & Mann, of Laredo, for defendants in error.

SMITH, J.  Melquiades Garcia was the plaintiff below, and is the plaintiff in error in this court, while Arturo Volpe and his associates, comprising the partnership of Volpe· Bros., were defendants below and are the defendants in error here; they will be referred to in this opinion as plaintiff and defendants, respectively.

The parties plaintiff and defendants were rival dealers in coffees in the city of Laredo. In brief, plaintiff alleged that he conceived the scheme of putting a certain grade of coffee upon the wholesale market under the trade-mark "Cuahtemoc," which he intended in due course to have registered in the office of the· secretary of state, to protect him in the exclusive use of that brand; that in pursuance of this plan he went to an expense of $1,700 in having cartons and advertising matter made and printed bearing said brand; that defendants, suspecting plaintiff's intentions and scheme, procured one of their employees to spy upon plaintiff for the fraudulent purpose of discovering the details of said scheme and making use of the same; that said employee ingratiated himself into the confidence and good graces· of plaintiff, learned all the secrets of the scheme, and reported them to defendants, who thereupon adopted said brand "Cuahtemoc" as their own, had it registered with the secretary of state, and used it to their own profit in the sale of an inferior blend of coffee to the trade, thereby unlawfully depriving plaintiff of the fruits of his own conception, as well as of the amount of the expense he incurred in preparing his campaign for exploiting his own coffees under said brand, which defendants had cheated him out of by a prior registration thereof.  The allegations were of a conspiracy between defendants and their said employee, one Fraga by name.  Plaintiff prayed for damages both actual and punative.  He has appealed from an adverse judgment, rendered upon a directed verdict for defendants.

It appears from the record that plaintiff introduced testimony considered by him· sufficient to make out his case, and closed, but, upon an intimation from the trial judge that the latter would sustain a motion to strike all that testimony, plaintiff withdrew his announcement of closing, and, with the court's permission, offered additional testimony, to which the court sustained an objection.  The court then, upon defendant's motion, struck out all the testimony previously introduced by plaintiff and refused to admit other testimony of like import.  The result was that there was then no evidence before the court for any purpose, and in that situation the court decided a verdict for defendants.

■ Plaintiff's first assignment of error is that the court erred in directing a verdict for defendants, in view of the evidence offered and afterwards excluded.  The assignment must be overruled, as a matter of course. For, whatever may be said of the admissibility and probative force of that testimony, all of it was rejected, none of it was before the jury, which in such circumstances could have returned no other verdict than the one directed.

■■ Plaintiff's second assignment of error is that the court erred in excluding certain evidence which had been previously admitted and refusing to admit certain other evidence tendered by plaintiff.  The excluded and rejected evidence covers 24 pages in the record, and consists of the oral testimony of three witnesses, as well as a number of documents. Plaintiff's complaint is directed at the whole of this evidence, as contained in his bill of exceptions, but, for the purpose of determining the question sought to be raised, this court

must look to the statement under the proposition propounded by plaintiff in his brief, and is not required and cannot be expected to search the entire 24-page bill of exceptions for the particular evidence relied upon by plaintiff in support of his proposition. The statement. of plaintiff under his proposition is as follows:

"Plaintiff, if permitted to testify, would have stated that he met Fraga about the middle of February, 1927, in the street in Laredo; that he upbraided him for his conduct, and that Fraga admitted that during all the time he was conferring with plaintiff he was in the employ of Volpe Bros.; that they had sent him to plaintiff to learn his business secrets; that he had acted like a hog; he at the time thought that as their employee, paid by them, warranted him in doing what he had done, but that he now saw he was wrong and asked to be forgiven. Similar testimony was offered by the witnesses Barrera and Ramirez."

We conclude that, in the absence of other evidence connecting defendants with Fraga's alleged deceit, so as to constitute a conspiracy between Fraga and the defendants, the proffered testimony was insufficient to show such conspiracy, and, standing alone, was properly stricken. It amounted to a recital by plaintiff of conversations with Fraga, one of the alleged conspirators, in the absence of defendants, and, there being no other evidence from which a conspiracy could be inferred, the statements of the alleged coconspirator, made without the presence of the alleged coconspirators sought to be bound thereby, were of no force and were properly excluded.

The judgment is affirmed.