## AMERICAN INS. CO. OF TEXAS v. CRAWFORD.
### No. 3115.

Court of Civil Appeals of Texas. El Paso. Jan. 10; 1935.

R. R. Robertson, of Dallas, for plaintiff in error.

W. W. Hilbrant, of Dallas, for defendant in error.

WALTHALL, Justice.

On the 20th day of January, 1932, plaintiff in error issued to defendant in error its policy of insurance. The policy is lengthy, and we will state here such parts and provisions only as seem pertinent to the matters presented on this appeal.

The monthly benefits to the insured are stated in the policy to be $200, and the insuring clause of the policy insures the defendant in error in said amount "against loss of time on account of disease contracted during the term of this policy," subject to the provisions and limitations contained in the policy. Part C of the policy, applicable here, provides:

"If such injuries as described in the Insuring Clause do not result in any of the above mentioned specific losses (such as death, loss of eyes, hands, feet, etc.) but shall wholly and continuously disable the Insured for one day or more from performing any and every kind of duty pertaining to his occupation, and so long as the Insured lives and suffers said total loss of time, the Company will pay a monthly indemnity at the rate of Two Hundred ($200.00) Dollars.

"This policy has been approved by the Department of Insurance of the State of Texas. As required by an Act of the Texas Legislature passed April 3, 1903, the following endorsement (in red letters) is made: 'The payment of the benefit herein provided for is conditioned upon its being collected by this Company from assessments and other sources as provided by its By-Laws."

Under part C, on the margin of the policy is the following: "This policy is designed to meet the needs of the Medical Profession and pays full indemnity for total loss of time for confining or non-confining sickness or accident, from one day to a lifetime."

Defendant in error brought this suit on the policy and (omitting the formal parts of the petition) alleged some provisions of the policy, in substance, that the policy provides that the company will pay for loss of time at the rate of $200 per month so long as the insured is

totally disabled and prevented from performing labor by reason of sickness, alleged the payment of premiums due, notice given, etc., alleged that on or about the 28th day of March, 1932, he became sick, etc., which sick condition continued until the 16th day of May, 1932, and that he was totally disabled therefrom to perform any labor of any kind or character and during said period suffered a total loss of time.

The court overruled plaintiff in error's general demurrer and submitted the case to the jury on special issues. On the issues submitted the jury found defendant in error's disability began on March 30, 1932, and ended on the 16th day of May, 1932; that defendant in error furnished to plaintiff in error proof of loss required by the policy.

On the verdict as rendered the court entered judgment for defendant in error for the sum of $300 and interest from the date of the judgment, to which exception was made, and appeal by writ of error duly prosecuted.

### Opinion.

Plaintiff in error under several assignments of error complains of the action of the court in overruling its motion for an instructed verdict, in entering judgment for the fixed sum of $300, in admitting the policy in evidence over objection, in overruling plaintiff in error's special exception to defendant in error's first amended original petition, and in overruling plaintiff in error's general demurrer to defendant in error's first amended original petition.

■ The evidence is amply sufficient to sustain the jury's findings on the facts submitted, and the only question we think necessary to discuss is whether the judgment for the sum of $300 is such judgment as should have been entered on the facts and circumstances disclosed by the record. Plaintiff in error submits that under the policy and the cause of action as pleaded by defendant in error, the judgment entered should have been under article 4797 of the Revised Civil Statutes, which plaintiff in error contends was not

done. We do not concur in that contention. Under that article a mutual assessment accident company, such as plaintiff in error, upon the happening of the contingency provided for in its policy, that of the sickness of the insured in this case, to the extent of liability provided in the policy, the insurer company is made liable for the payment of such amount in full at the time so specified, subject to such legal defenses as it may have against such amount. The $300 is the full amount of liability for the time of disability as disclosed by the terms of the policy. The defense against such sum, provided in that article of the statute, is that: "If the sum realized by it (The Company) from assessments made in accordance with its By-Laws to meet such payment (that is, the full payment) together with such other sums as its By-Laws may provide shall be used for that purpose, shall be insufficient to pay such sum in full for which it is so liable, then the payment of the full amount so realized shall discharge such corporation from all liability, by reason of the happening of such contingency, and in that event, such corporation shall be liable only for the amount so actually realized."

■ We think it is clear, under the provision of the statute, that the amount realized from the assessments and such other sums as its by-laws may provide, when less in amount than the full amount of liability, is defensive, and such assessments being exclusively within the knowledge of the company; the fact of such assessments and the amounts realized therefrom is with the company and not the insured. If such is the proper application of the statute, the insured would not be required to allege and prove more than the full liability of the company under its policy.

The record does not show by allegation or proof the fact or the amount, if any, of such assessments.

We have considered all of the propositions presented and they are overruled.

The case is affirmed.