BENDER et al. v. KELLAHIN et al.

No. 3172.

Court of Civil Appeals of Texas. Beaumont.

Oct. 26, 1937.

Rehearing Denied Nov. 3, 1937.

**562**

Fagan Dickson and Laurie M. Huck, both of San Antonio, G. B. Fenley, of Uvalde, and Robert Lee Bobbitt, of San Antonio, for appellants.

Morriss & Morriss, of San Antonio, and K. K. Woodley, of Sabinal, for appellees.

WALKER, Chief Justice.

Captain Jason W. James died on his ranch in Uvalde county on September 14, 1933; he celebrated his 90th birthday on the ranch on the 18th day of April, 1933. On the 28th day of May, 1936, O. A. Mills and appellant Mrs. Fina Belle Bender, joined by her husband, C. J. Bender, filed their application in the county court of Uvalde county to probate a will, alleged to have been executed by the deceased on the 11th day of May, 1933, but subsequently lost, naming O. A. Mills independent executor without bond, and devising his estate in equal shares to appellant Mrs. Fina Belle Bender, and Mrs. Jennie James McClenny. It was alleged that this will was the last will of the deceased. In the alternative, appellants prayed for the probate of a holographic will executed in 1933. The application for probate was contested by beneficiary Mrs. McClenny and her sister, Mrs. Lily James Kellahin, joined by their husbands, and Jason Gilmore Urton, a minor, acting through his father Ben Urton, on allegations that the instruments tendered for probate were not the wills of deceased, but were void for want of testamentary capacity on the part of deceased. They plead further res judicata against the probate of these instruments on the ground that an instrument of similar import, dated the 11th day of July, 1933, was denied probate for want of testamentary capacity on the part of deceased. Probate was denied by the county court. On appeal to the district court, on trial to the court without a jury, probate was denied. Mr. and Mrs. Bender prosecuted their appeal to the San Antonio Court of Civil Appeals; O. A. Mills did not join in the appeal. The case is before us on order of transfer by the Supreme Court.

After this case went to trial in the district court, and after appellants had proceeded with their case as far as they could go without the testimony of Judge O. A. Mills, they tendered him as a witness. After he had been sworn and placed on the witness stand, his counsel and counsel for appellants tendered to the court the following "Disclaimer of O. A. Mills and Waiver of Right of Appointment as Executor":

"To the Honorable Judge of Said Court:

"Now comes O. A. Mills, the person named as executor in each of the wills offered for probate in this cause and proponent of such will in the Court below and states to the Court as follows:

"I am the person named as Executor in a holographic will of Jason W. James which is being now offered in this proceeding for probate, and I am likewise the person named as Executor in the will of Jason W. James, dated on or about May 11, 1933, the original of which is alleged to be lost, but same is also being offered for probate in this proceeding. I hereby irrevocably waive and renounce in favor of any person the Court may appoint, any and all rights or priorities which I may now or hereafter have to appoint as Executor of the Estate of Jason W. James, deceased, by reason of the fact that I am named as Executor in either or both of said wills, and I hereby refuse to accept the trust in the event of my appointment as Executor or independent executor of said estate.

"I further disclaim any interest in this suit or proceeding, or in the outcome thereof, and hereby present this affidavit as an application for a voluntary non-suit on my part.

"Wherefore, O. A. Mills prays that this waiver and renunciation be accepted on this behalf, and an order of non-suit entered.

"O. A. Mills.

"The State of Texas, County of Uvalde,

"Before me, the undersigned authority, on this day personally appeared O. A. Mills, who, being by me first duly sworn, on his oath deposes and says that the matters recited· in the foregoing statement are true and correct.

"[Seal.] Lee D. Flynt,
"Notary Public in and for
Uvalde County, Texas."

After hearing evidence on the "good faith" of Mills in tendering this disclaimer, and argument of counsel on his power and right to tender the disclaimer and its legal effect, the court entered the following order excluding it as evidence:

"Order Overruling Motion of O. A. Mills for Non-Suit.

"On this the 15th day of September, 1936, in the course of the trial of the foregoing cause, came on to be heard the disclaimer and motion for voluntary non-suit filed herein this day by O. A. Mills; and the court, after hearing same read, and after said O. A. Mills was placed upon the stand, and following the objection made by contestees to his being permitted to testify, and after hearing testimony on said objection, and argument of counsel; believing the following order should be entered, it is accordingly:

"Ordered, adjudged and decreed that the motion for a voluntary non-suit by the said O. A. Mills is hereby in all things denied, in view of the ruling of the court on the objection made by contestees, and the exclusion as evidence of said disclaimer and nonsuit; to all of which rulings and action of the Court, the proponents, Fina Belle Bender, and C. J. Bender, and O. A. Mills, and each of them, in open Court excepted."

In making the tender counsel for appellants admitted to the court that he had "directed the filing of the disclaimer in order to qualify the witness."

▮▮▮ Appellants contend that the court erred in excluding the disclaimer and in refusing to permit O. A. Mills to testify; in this connection it was conceded that, without the disclaimer, Judge Mills was disqualified as a witness by the provisions of articles 3714 and 3716 of the Revised Civil Statutes. The statement made by appellants in support of this proposition shows the disclaimer and judgment of the court thereon, but not the nature and character and materiality of the testimony that Judge Mills would have given had the court permitted him to testify. On this point, we quote appellants' statement in full: "This is the principal point involved in this case. It is admitted that the contents of the lost will, dated May 11, 1933, cannot be established without the testimony of O. A. Mills. His testimony is also important on the question of testamentary capacity. * * * During the trial the court excluded the disclaimer when it was offered in evidence and refused to permit O. A. Mills to testify as to transactions with the deceased on the ground that such testimony was prohibited by art. 3716, R.S.1925, to which rulings the proponents duly excepted. The testimony of O. A. Mills was developed for the purpose of the bill of exceptions and the bill shows that his testimony, taken together with that of Watkins and Kelly, the subscribing witnesses, would have made out proponents' case. Mills, by his testimony, established the contents of the lost will and testified that the deceased was of sound mind and that the will of May 11, 1933 was now the last will. * * * It was established that both the lost will dated May 11, 1933, and the will dated July 11, 1933, which was denied probate, contained substantially the same provisions. O. A. Mills was named as executor in each of the wills, and in each will the estate was divided between Fina Belle Bender, the present proponent, and Jennie James McClenny, one of the contestants. * *. * There is no question about the relevancy and materiality of Judge Mills' testimony. He probably knows more about the condition of Captain James during the last two years of his life than any other person and he has never béen allowed to testify. His testimony as to transactions with the deceased would not be lacking in probative force."

Appellants' statement is insufficient to support their proposition of error. They rested under the burden of showing error in the exclusion of Judge Mills' testimony. They could show error only by bringing forward the excluded testimony, and by showing its materiality. It was not sufficient to say that the lost will could not be "established without the testimony of O. A.

Mills"; nor was it sufficient to say that "the testimony of O. A. Mills * * * would have made out appellants' case." Appellants have given only their conclusion of the facts Judge Mills would have testified to; it was their duty to bring forward in their brief the very testimony he would have given. From appellants' statement we do not know what Judge Mills would have testified to; his testimony may have been material or it may not have been material. Under our construction, his testimony might have been without probative force. It is not our duty to search through a statement of facts of 99 pages to find testimony to support appellants' proposition. Rule No. 31 for Courts of Civil Appeals reads as follows: "Where the error relates to admission or rejection of evidence, there shall be quoted the full substance of the evidence admitted or rejected."

Construing this rule, it is said by 3 Texas Jurisprudence, 902: "Under this rule an appellant is required to make a full and fair statement of the evidence bearing upon his assignments, by quoting from the record and referring to the place in the record where it may be found, and if he fails to do so the assignment will be disregarded or overruled, unless the statement of facts is short."

In support of the proposition that the briefer must not "state conclusions drawn from the evidence", same authority, page 901, says: "In general, a statement must contain the evidence bearing upon the issue presented in the proposition, so that the court will not be required to go through the record; it is not sufficient merely to state conclusions drawn from the evidence nor to make a general reference to the evidence."

See, also, Traders & General Ins. Co. v. Patton (Tex.Civ.App.) 92 S.W.(2d) 1083; Garcia v. Volpe (Tex.Civ.App.) 17 S.W. (2d) 1087; Garza v. Jennings (Tex.Civ. App.) 44 S.W.(2d) 1016; John Maynard Lumber Co. v. Brazell (Tex.Civ.App.) 28 S.W.(2d) 877.

■ The evidence also supported appellees' plea of res judicata. The will dated July 11, 1933, probate denied, was, in substance, the same as the will now before us; both wills were written by Judge Mills. After executing, if he did execute, the lost will, the deceased intrusted it to Judge Mills, who lost it and then prepared the will dated July 11th, and had it executed by the deceased. The judgment of the district court refusing to probate that will was affirmed by the El Paso Court of Civil Appeals in Mills v. Kellahin, 91 S.W.(2d) 1097. The opinion reflects the testimony supporting the judgment of the district court; this testimony satisfied the El Paso Court of Civil Appeals that the deceased did not have mental capacity to execute a will on the 11th day of July. From the nature of his disease, as reflected by the testimony in that case, if the deceased was not able, mentally, to execute a will on the 11th day of July, it follows as a matter of law that he was not able to execute a will on the 11th day of May. This conclusion has abundant support in the opinion of the Circuit Court of Appeals in Kellahin v. Henderson, 81 F. (2d) 128, 137. In his opinion in that case, Judge Hutcheson reviewed the facts and circumstances under which the contract in controversy was executed, and discussed the mental capacity of Captain James. In reversing the judgment of the trial court, Judge Hutcheson said of the contract in issue before him: "In all the books we venture to say no more egregious case of overreaching than this can be found. Here a senile, crippled afflicted old man, whose mind, though in it the light of intelligence indeed still burned, was yet no longer the obedient servant of his own will, but the ready servant of the will of others, has been made the victim of what, on the record we have, appears to have been a deliberate confidence scheme, a scheme which has been successful because no one having his interest at heart has been permitted to be around him while it was going forward, and now, when his lips are sealed in death, the circumstances of its doing are known only to the perpetrators, and they keep silence. Nowhere in the books has there been found, nor, we think, can be, a case of close designs and crooked counsels like these appear to be, which have prevailed."

The testimony in the record before us, as brought forward in appellees' brief, shows that Judge Mills was a party to the execution of that contract.

The instrument tendered as a holographic will was in no sense a will.

It follows that the judgment of the lower court should be affirmed, and it is accordingly so ordered.