## TEXAS MEXICAN RY. CO. v. BELL.
### No. 3180.

Court of Civil Appeals of Texas. Beaumont.
Nov. 18, 1937.

Rehearing Denied Dec. 1, 1937.

J. D. Dodson and Charles W. Duke, both of San Antonio, and John L. Pranglin, of Pearsall, for appellant.

Magus F. Smith, of Pearsall, for appellee.

WALKER, Chief Justice.

Appellee instituted this suit in district court of Frio County against International-Great Northern Railway Company and appellant, the Texas Mexican Railway Company, as connecting carriers, praying for judgment in the sum of $945, damages claimed by him on a shipment of 124 head of cattle delivered by him to appellant at Hebbronville, Jim Hogg county, on the 29th day of April, 1935, for transportation and delivery to him in Pearsall, Frio county, by International-Great Northern Railway Company. We give the following paragraph from his petition: "That said cattle were carried by defendants from Hebbronville, Texas to Pearsall, Texas, but instead of delivering them to plaintiff at Pearsall in good and sound condition as they agreed and they were duty bound to do, defendants so carelessly, negligently and roughly handled said cattle, the exact nature of such careless, negligent and rough handling being peculiarly within the knowledge of defendant, that four of said cattle died in transit and another died after its arrival in Pearsall, Texas, said cattle that died being reasonably worth and their fair market value was $40.00 per head; that fifteen (15) other cattle of said 124 head shipped by plaintiff were bruised, skinned, crippled and damaged to the extent of $15.00 per head;

and the remaining 104 head were bruised, crippled, skinned and damaged to the extent of $5.00 per head."

Defendants answered by general and special demurrers, general denial, and specially that, if the cattle were injured, it was the result of "overloading" by appellee.

On conclusion of the evidence, the court instructed a verdict for International-Great Northern Railway Company—no exceptions were reserved against this charge, and then submitted to the jury the case on special issues. On the verdict, judgment was entered for International-Great Northern Railway Company, and for appellee against appellant in the sum of $700. The appeal was prosecuted to the San Antonio Court of Civil Appeals, and transferred to this court by order of the Supreme Court.

Opinion.

Appellant makes no contention in its brief that the answers of the jury to the special issues were without support in the evidence.

Questions Nos. 1 and 3 of the court's charge, answered by the jury in the affirmative, were as follows:

"No. 1: Do you find from a preponderance of the evidence that the Texas Mexican Railway Company, its agents, servants or employees were negligent in the manner in which they handled the shipment of cattle in question?"

"No 3: Do you find from a preponderance of the evidence that the International Great Northern Railway Company, its agents, servants or employees were negligent in the manner in which they handled the shipment of cattle in question?"

Answering question No. 2, the jury found that the negligence submitted by question No. 1 "was a proximate cause of the injury to the cattle in question"; and by question No. 4 that the negligence submitted by question No. 3 was also a proximate cause.

■ Appellant has briefed the following exceptions reserved in the lower court to questions Nos. 1 and 3: (a) These questions "are not submission of special issues"; (b) they do not "conform to pleadings"; (c) they were without support in the pleadings. Based on these exceptions, appellant presents the following assignment of error: (1) "It was error for the Court not to submit to the jury the ultimate fact of negligence or not as alleged by Appellee, as the trial court did not do, over the timely objection of the Appellant, that such form of submission was not submitted upon special issues." (2) "Appellee having pleaded against Appellant only one act of negligence, to-wit, rough handling of the cattle in question, it was error for the Court to submit negligence generally by Issue No. 1, as the trial court did, over the timely objection of appellant that such submission did not conform to the pleadings." The exceptions are too general to support the assignments. It was not enough for appellant to except to questions Nos. 1 and 3 on the ground that they were not "submission of special issues"; it should have pointed out specifically wherein the questions failed to constitute special issues; it was not enough to except on the ground that these questions did not "conform to pleadings" and were without support in the pleadings; it should have pointed out specifically wherein they failed to conform to the pleadings. Isbell v. Lennox, 116 Tex. 522, 295 S.W. 920; Indemnity Insurance Company v. Sterling (Tex.Civ.App.) 51 S.W.2d 788; Panhandle & S. F. Railroad Company v. Friend (Tex.Civ.App.) 91 S.W.2d 922.

■ Question No. 8 submitted the issue of the amount of appellee's damages; in connection with this issue the court gave the following charge:

"In connection with Special Issue No. 8, you are instructed that the measure of damages for injuries sustained by cattle in transit, is the difference between their market value at the point of destination uninjured by the carrier and their market value at the same place as they actually did arrive.

"You are further instructed in connection with Special Issue No. 8, that the measure of damages for live stock dying as a result of injuries caused by the negligence of the carrier is their market value at the place of destination at the time they should have arrived there."

Appellant reserved the exception to this charge that it was "on the weight of the evidence." The point made by appellant under this exception is that "said instruction was calculated to suggest to the jury that the Court assumed the fact to be that the death of the stock which died was the result of injuries, and that such injuries were caused by the negligence of Appellant." The exception was too general to direct the trial court's attention to the error brought forward in this assignment. In Karotkin Furniture Company v. Decker

(Tex.Civ.App.) 32 S.W.2d 703, 705, the court said: "The objections that a charge is 'improper', or is 'upon the weight of evidence', without specifications showing why it is subject to those vices, are too general to require consideration. There is no merit in the seventh and eighth propositions, which are accordingly overruled."

See, also, Farmers' & Mechanics' Nat. Bank v. Marshall (Tex.Civ.App.) 4 S.W. 2d 165. But the charge was not "on the weight of the evidence."

Appellee pleaded that appellant and International-Great Northern Railway Company were connecting carriers; the proof was sufficient to support the allegation that the corporation International-Great Northern Railway Company, was a connecting carrier with appellant. But appellant makes the point that, under the evidence, International-Great Northern Railway Company was in bankruptcy and was being operated at the time of this shipment by its trustees in bankruptcy. This point was not pleaded by appellant and International-Great Northern Railway Company, or either of them. Appellant brings forward in its brief no evidence to support this point, only its construction of the evidence. Had the evidence been brought forward, it might not have supported the assignment. To support an assignment of error, the burden rests upon appellant to bring forward in his brief the very evidence adduced on the witness stand and not his construction of the evidence. Fina Belle Bender et vir. v. Lily James Kellahin et al. (Tex.Civ. App.) 109 S.W.2d 561, and authorities therein cited. However, the jury's answers to questions Nos. 1 and 2, convicting appellant of actionable negligence in handling the cattle, were sufficient to support the judgment against it, without relation to the negligence of International-Great Northern Railway Company.

Since the trial court instructed a verdict in favor of International-Great Northern Railway Company, appellant asserts that it was fundamental error to submit to the jury question No. 3. This assignment is overruled. If there was error in submitting this question, it was available to appellant only on proper exceptions to the court's charge.

We find no error in the record; the judgment of the trial court is in all things affirmed.

Affirmed.