### MERCHANTS CASUALTY CO. v. BAILEY.

#### No. 3240.

Court of Civil Appeals of Texas. Beaumont.

Feb. 12, 1938.

Rehearing Denied Feb. 23, 1938.

Oren Parmeter and Robert M. Vaughan, both of Dallas, and Sanders & McLeroy, of Center, for appellant.

Davis, Avery & Wallace, of Center, for appellee.

WALKER, Chief Justice.

On the 5th day of November, 1929, in cause No. 8981 on the docket of the district court of Shelby county, S. L. Bailey recovered judgment against Merchants Casualty Company, a corporation with its principal offices in San Antonio, for the sum of $1,200, with interest thereon from date of judgment at 6 per cent. per annum, and costs of suit; no execution was ever issued on the judgment. On the 11th day of February, 1936, S. L. Bailey duly assigned this judgment to Warren Bailey.

On or about the 3d day of January, 1934, the Merchants Casualty Company, by charter amendment, changed its name to American Casualty Company, with its principal offices in Dallas; the only change in the original corporation by the charter amendment was a change in name and the removal of the home offices from San Antonio to Dallas.

Alleging the facts as detailed, on the 17th day of February, 1936, appellee, Warren Bailey, filed this suit against appellant, naming it as defendant both in its original name and in the name adopted by the charter amendment, and praying that the judgment as originally entered be revived and that he have his execution, etc. Writ of scire facias issued on appellee's petition and was duly served upon appellant; appellant answered by plea in abatement to the effect that the original judgment had been paid and that it had been discharged from liability thereon, and by plea of general denial.

On the 22d day of March, 1937, on an instructed verdict, the court entered judgment in favor of appellee against appellant reviving the original judgment and ordering that execution issue in favor of Warren Bailey and S. L. Bailey. The appeal was duly perfected to this court.

Appellant rests its appeal upon the exclusion of certain testimony. The transcript contains no bills of exception, and appellant makes no statement that it excepted to the ruling of the court in excluding the evidence. On this statement, appellant's brief presents nothing for review. Crawford v. Ramsey, Tex.Civ.App., 73 S.W.2d 1064.

The statement in support of the propositions and assignments of error is so defective that nothing is presented for review. Appellant does no more than to describe in a general way the nature of

the excluded testimony—certain affidavits were excluded, certain recitations in its minutes, certain answers in the depositions of its witnesses—but appellant does not bring forward the excluded testimony, and, from the statement made, we have only the faintest idea of the character and nature of this testimony, and no conception of its probative force. To review appellant's points of error, we would have to read and search through a statement of facts of 150 pages; we do not have this power under the rules and decisions of our Supreme Court. Bender v. Kellahin, Tex.Civ.App., 109 S.W.2d 561.

Judgment affirmed.