MAGNOLIA PETROLEUM COMPANY ET AL. v. MARRS McLEAN ET AL.

No. 7390.   Decided June 8, 1938.
(117 S. W., 2d Series, 417.)

*Walace Hawkins* and *T. L. Foster,* both of Dallas, *John C. Jackson, R. E. Seagler, John E. Green, Jr.,* and *C. R. Wharton,* all of Houston, *C. T. Duff, Joiner Cartwright* and *Lipscomb & Lipscomb,* all of Beaumont, *Peveril O. Settle,* of Fort Worth, for relator.

*E. E. Easterling,* of Beaumont, for respondent.

MR. JUSTICE SHARP delivered the opinion of the Court.

Relators, Magnolia Petroleum Company, Sun Pipe Line Company, Humble Oil & Refining Company, and The Texas Company, have filed an application in this Court for a writ of prohibition enjoining respondents, Marrs McLean, W. D. Gordon, Honorable George C. O'Brien, as Judge of the 58th Judicial District Court of Jefferson County, Honorable Raymond L. Murray, as Judge of the 60th Judicial District Court of Jefferson County, and E. E. Easterling, from proceeding further in four suits filed in the district courts of Jefferson County.

Relators allege as grounds for the writ of prohibition that Marrs McLean and W. D. Gordon, respondents herein, on March 19, 1937, filed the following suits, each involving the same subject-matter and identical issues, in the district courts of Jefferson County, Texas, to-wit:

1. No. 49816, in the 58th Judicial District Court, styled Marrs McLean et al. v. Magnolia Petroleum Company, wherein Marrs McLean and W. D. Gordon are plaintiffs.

2. No. 49817, in the 60th Judicial District Court, styled Marrs McLean et al. v. Sun Pipe Line Company, wherein Marrs McLean and W. D. Gordon are plaintiffs.

3. No. 49818, in the 58th Judicial District Court, styled Marrs McLean et al. v. Humble Oil & Refining Company, wherein Marrs McLean and W. D. Gordon are plaintiffs.

4. No. 49819, in the 60th Judicial District Court, styled Marrs McLean et al. v. The Texas Company, wherein Marrs McLean and W. D. Gordon are plaintiffs.

It is further shown that an application was made by these relators and others in Cause No. 7230 on the docket of this Court, involving the same question as involved here, and that after this Court granted leave to file the application in Cause No. 7230, Marrs McLean and W. D. Gordon, who were defendants in the case of Rio Bravo Oil Company et al. v. Weed et al., 121 Texas 427, 50 S. W. (2d) 1080, 85 A. L. R. 391, instituted the four suits above described to recover five per cent. of the proceeds of the oil run during the pendency of said cause above described. It is also shown that the oil was produced on the T. & N. O. right of way, being a part of a 52 acre tract of land out of the John Douthit Survey situated in Jefferson County. The record further shows that no action was taken by plaintiffs in the four suits above described during the consideration by this Court of the application for prohibition filed in Cause No. 7230, in which an opinion was written and is reported in Rio Bravo Oil Company et al. v. Hebert et al., 130 Texas 1, 106 S. W. (2d) 242, and that they now threaten to proceed with the prosecution of said four cases.

Relators further allege that the above-styled four suits involve the same question, which same question was presented in the cases of Rio Bravo Oil Company et al. v. Weed et al., 121 Texas 427, 50 S. W. (2d) 1080, 85 A. L. R. 391, and Rio Bravo Oil Company et al. v. Hebert et al., 130 Texas 1, 106 S. W. (2d) 242, and that if said four suits are prosecuted to final conclusion it will result in relitigation of the issues between the parties

and their privies which were completely settled in the judgments of this Court in said Weed and Hebert cases.

This Court granted a temporary writ of prohibition, restraining respondents from proceeding further in the four suits, pending a decision in this suit upon the merits of the application.

The question presented here has long been the subject-matter of litigation. Respondents do not challenge the allegations contained in the application. The history of this litigation has been fully described and discussed in the cases of Rio Bravo Oil Company et al. v. Weed et al. and Rio Bravo Oil Company et al. v. Hebert et al., supra, and it would serve no useful purpose to repeat same here. Reference is therefore made to the opinions rendered in such cases for a full description of the issues involved. In those cases the rights of the parties entitled to recover the oil involved in the four suits above described were fully adjudicated, and it was definitely settled that the plaintiffs in the said four suits have no title to the land or to the minerals thereunder.

It clearly appearing that Causes Nos. 49816, 49817, 49818, and 49819, above described, constitute attempts on the part of the plaintiffs therein to relitigate the same issues that have already been litigated by the same parties and their privies, and which have been decided by this Court, and that such suits would interfere with the enforcement of the judgments of this Court in the Weed Case and in the Hebert Case, it is therefore ordered that the respondents be, and they are hereby, prohibited and enjoined from proceeding any further in such suits, except to enter an order dismissing them.

Opinion delivered June 8, 1938.