**BAILEY v. AMERICAN CASUALTY CO.
et al.**

**SAME v. BURFORD et al.**
Nos. 3434, 3435.

Court of Civil Appeals of Texas. Beaumont.
Aug. 8, 1938.

Rehearing Denied Sept. 20, 1938.

Davis, Avery & Wallace, of Center, for relator.

Oren Parmeter, of Dallas, G. R. Lipscomb, of Fort Worth, and Sanders & McLeroy, of Center, for respondents.

PER CURIAM.

Since these two cases—both petitions for writs of prohibition—present the same general issues, we have ordered them consolidated under No. 3434.

On the 6th day of November, 1929, the following judgment was entered in the district court of Shelby County:

"S. L. Bailey v. The Merchants Casualty Co.
"No. 8981

"On this, the 6th day of November, A. D. 1929, came on to be heard the above entitled and numbered cause, the plaintiff appearing in person and by attorneys, and the defendant appearing by its attorneys; a jury being specially waived, the parties announced ready for trial.

"The Court, after due consideration of the pleadings, evidence and argument of counsel is of the opinion that the law and the facts are with the plaintiff and it further appearing that the injury complained of by plaintiff in said suit has been and is now a continuing disability and is not at this time fully ended.

"And it further appearing to the Court that up to the date of the trial of this cause that the defendant is justly indebted to the plaintiff to this time in the sum of Twelve Hundred and no/100 ($1,200.00) Dollars, and it is the intention of this judgment to compensate the plaintiff for injuries and disabilities which he has sustained and suffered prior to this date, and it is not to be considered as a settlement or an adjudication of disabilities which he may or might sustain in the future growing out of the injury proven in this case.

"It is, therefore, the order, judgment and decree of this Court that the plaintiff, S. L. Bailey, do have and recover of and from The Merchants' Casualty Company the sum of $1200.00, with interest thereon from this date at the rate of six per cent per annum, and for all costs in this behalf expended, for all of which he may have his execution."

The following assignment was made on the original judgment:

"2/11/36. This Judgment this day assigned and transferred for a valuable consideration to Warren A. Bailey. E. B. Lewis, attorney for S. L. Bailey."

The judgment became dormant and, on the 17th day of February, 1936, Warren Bailey, as assignee, filed his petition in the district court of Shelby County praying that the judgment as originally entered be revived, and that he have his execution on the original judgment as entered of record. It was alleged in the application that, by charter amendment, the original defendant had changed its name to American Casualty Company. The prayer was that the judgment be revived and execution ordered against the original defendant in its name as shown by the charter amendment. On the 22nd day of March, 1937, the district court of Shelby County entered its order reviving the original judgment, and ordering execution as prayed for by the assignee. The defendant duly prosecuted its appeal from the judgment of the district court to this court and, by order entered on the 2nd day of February, 1938, the judgment of the lower court was in all things affirmed. See Merchants' Casualty Co. v. Bailey, Tex. Civ.App., 113 S.W.2d 630. Motion for rehearing was duly filed and overruled, and petition for writ of error to the Supreme Court dismissed for want of jurisdiction. By its order of dismissal, the Supreme Court made our judgment final. Subsequently, our mandate issued to the lower court. After the return of the mandate, the owner of the original judgment had execution issued thereon and placed in the hands of the sheriff of Shelby County.

After the issuance of the execution, American Casualty Company, the name of the original defendant as adopted by charter amendment, filed in the district court of Shelby County cause No. 10,956 on the docket of that court—American Casualty Co. v. Warren Bailey, et al.—to annul and set aside the original judgment as entered

in cause 8981, S. L. Bailey v. The Merchants Casualty Co., and the order of the court reviving that judgment, and ordering execution, as affirmed by us. The owner of the original judgment, with permission of this court, filed herein his petition for writ of prohibition, No. 3434, praying that American Casualty Company be enjoined and prohibited from further prosecuting its suit as filed in Shelby County. Without further statement or discussion, the writ of prohibition is in all things granted as prayed for in cause No. 3434. Magnolia Petroleum Co. v. McLean, Tex.Sup., 117 S.W.2d 417; Yount-Lee Oil Co. v. Federal Crude Oil Co., Tex.Civ.App., 92 S.W.2d 493.

On the 20th day of May, 1938, B. W. Burford and W. M. Thomas, policy holders in the American Casualty Company, filed their petition in the district court of the 116th judicial district, one of the district courts of Dallas County, in part, as follows:

"And for cause of action the Plaintiff's would respectfully represent to the Court that the Defendant, American Casualty Company, on and prior to the 29th day of November 1929, was then known as and had the corporate name of, Merchants Casualty Company, and that under its charter, it had the right to and did in fact obtain individual members, who were classified and placed in certain classes and groups, and who were entitled to receive certain insurance benefits, from the contributions made by the members of the particular group in which said individuals were so placed, and that no one class or group, were entitled to receive any payment or benefits from the contributions of any other class or group, and in turn were not compelled to pay for any insurance losses, that occurred in any other class or group other than the one in which the individual belonged of said Defendant. That said Defendant operated in all things in Accordance with Chapter Six or Title 78 of the Revised Civil Statutes of Texas 1925, having a constitution and bylaws, and printing on its policies in red ink, in Substance that the payment of any benefits under any membership certificate was conditioned upon the same being collected from the members and from other sources.

"That on or about said last above named date, one S. L. Bailey, became a member of said last named defendant and belonged to one of its Classes and Groups and had or pretended to have a claim against the Defendants said class and group of which he was a member for certain insurance benefits, and filed suit in the District Court of Shelby County against said corporation and obtained a judgment against said company on the 6th day of November 1929, for an amount of Twelve Hundred Dollars and interest thereon at the rate of six per cent per annum from date.

"Plaintiffs further allege, that a short time prior to, at the time of, or a short time after said judgment was obtained, the class and group of the said defendant company to which the said S. L. Bailey, belonged as aforesaid, became insolvent, and by reason of an inability to pay a sufficient amount on its claims, and obtain a number of members of said class and group from whom contributions could be obtained with which to pay a reasonable amount on claims arising in said class and group, and comply with the laws of the State of Texas, relating thereto and governing such matters, the Commission of Insurance of the State of Texas, ordered the defendant to discontinue said class and group, and to run an assessment on its members, and to distribute said amount received from said assessment together with such other funds as it had on hand the property of and belonging to said class and group, among the claimants of said class and group, and that in accordance with the laws of the State of Texas as aforesaid and the order of the Commissioner of Insurance as aforesaid, the defendant corporation did run such assessment and did take all the money and property of the Class of which the said S. L. Bailey, was a member and distribute the same in a prorata manner among the claimants of said Class and Group including the said S. L. Bailey, who duly received his share thereof, and that under the laws of the State of Texas, the Bylaws of said Corporation, and under the terms of the policy and membership certificate held by the said S. L. Bailey, the claim and judgment of the said S. L. Bailey was in that manner and for that consideration legally paid and extinguished and he no longer had any claim against said corporation, nor any of its funds, or the funds owned by any other class or group of said defendant corporation.

"3. That on or about the 11th day of February 1936, the said S. L. Bailey, long after his said claim and judgment had been paid and discharged as aforesaid, and same were null and void, Attempted to transfer assign sell and deliver said Judgment for an amount of To-wit, Fifty Dollars to One W. A. Bailey, who resides in Harris County, Tex-

as, defendant herein, and since said date the said W. A. Bailey claims to own said claim and purported judgment.

"4. That on or about the 3rd day of January 1934, the said Corporation defendant, by charter amendment changed its name from Merchants Casualty Company, to American Casualty Company.

"5. That after the change of name as last above aforesaid, the plaintiff's herein and each of the plaintiff's became members of the 'American Group or Class', of the Defendant, which group was in all things independent of and not connected in any manner with the old extinct class and group to which the said S. L. Bailey belonged and under the laws of the State of Texas, and under the constitution and bylaws of said corporation was not under any obligation or any of its members under any obligation, to pay any amount for the purpose of having any expense or claims that might arise or have been incurred in the Class or Group of which the said S. L. Bailey belonged, or any other class or group which might be formed by the defendant corporation, and that the plaintiff's have continued to be members and are now members of said group and have together with the other members of said class and group, paid into said defendant corporation large sums of money, which in addition to paying the expense of operation of said corporation, and the claims for insurance arising in their said class and group, has accumulated a large reserve fund, to the credit of and belonging to the policies and policy holders of said last named class and group, and which is being held by said corporation, as a trust fund to be used in the payment of policies and claims for insurance that may arise in said class and group last named, including the policies of the plaintiff's as aforesaid.

"6. Plaintiff's allege that said trust fund securing their said policies and the policies of the members of said American Group of the defendant corporation, is now located in Dallas County, Texas.

"7. The Plaintiff's would further respectfully represent to the Court that said Defendant corporation, has no other money property or funds, and that all of the money property and funds that it has is the money property and funds of said American Group of members, and is being held as a trust fund and property by said corporation for said American Group and their Beneficiaries as aforesaid.

"8. The plaintiff's would further respectfully represent to the Court that the Defendant W. A. Bailey, has issued execution on the said Judgment out of the District Court of Shelby County as aforesaid, and has placed the same in the hands of the Sheriff J. B. Sample, of Shelby County Texas, and instructed him to levy same upon said trust Fund of said American Group, and in addition, is attempting to have the Life insurance Commissioner order the payment of said Judgment, out of said Trust Fund belonging to said American Group and these plaintiffs and to cancel the right and permit of said corporation from doing business in Texas, unless such payment is made from such funds; and in addition to the said W. A. Bailey, has issued or is threatening to issue or has issued an execution and writs of Garnishment directed to the Sheriff or any constable of Dallas County, Texas, directing him to seize said trust fund and apply the same to the payment of said Judgment; that any one or all of said acts if not restrained and enjoined will result in the said defendant W. A. Bailey, taking the property of said American Group and these plaintiffs as aforesaid, and the destroying of said corporation, and its rights to administer and make the contracts and policies of membership of these plaintiff's and all other members of said American Group effective and will do these plaintiffs and all other members of said American Group an irreparable damage and injury.

"9. The Plaintiffs would further respectfully represent to the Court, that the officers of said Defendant corporation, have failed to do any act or thing that will prevent said W. A. Bailey from levying on said trust Fund belonging to these plaintiff's and other members of said American Group as aforesaid, and are about to take a part of said Trust fund and pay the said W. A. Bailey the amount claimed by him under said void Judgment, in violation of their duty in keeping and properly administering said trust fund, for said American Group and these plaintiff's, and that if said officers of said corporation do take said trust fund and pay said illegal claim, these plaintiff's and all other members of said American Group will be irreparably damaged by the loss of the amount so paid.

"10. That there is more than Fifteen Hundred Dollars, in said Trust Fund at this time.

"11. Wherefore premises considered, the Plaintiff's pray the Court to Grant a tem-

porary injunction or restraining order, enjoining and restraining, W. A. Bailey, his agents servants attorneys or employee's, and the said J. B. Sample, Sheriff of Shelby County, from levying on any property money or fund, in the hands of or under the Control of American Casualty Company, or its officers, which is the property of and belongs to the American Group of said Corporation, and which is an accumulation and reserve to the credit of the policies of insurance held by the members of said American Group of said American Casualty Company; and also a temporary injunction and or restraining order directed to said American Casualty Company, and its officers Agents Attorneys Servants and Employees and each of them, preventing them and each of them from paying out any property money or funds in the hands of said corporation, of and belonging to the members of American Group of said Corporation as aforesaid, and that said Temporary injunction and restraining order, continue during the pendency of this suit, until a trial can be had on the merits at which time that the plaintiff's have and recover judgment against all of the defendants, preventing the payment and receiving of any of the money property or funds in the hands of said Corporation, which may be a trust fund for the security of the policies of insurance carried by the members of the American Group of said American Casualty Company, and that plaintiffs recover judgment for all costs of suit, and for all such other and further relief legal and equitable as the plaintiffs may be justly entitled to, etc."

 Under our permission, Warren Bailey, assignee of the original judgment in cause No. 8981, filed his petition in this court praying for a writ of prohibition against Burford and Thomas, enjoining and prohibiting them from prosecuting further their suit as filed in the Dallas County district court, or in any other court, and the judge of the court, and his successors in office, from entering any sort of judgment in said cause, other than to recognize and enforce the writ of prohibition. In so far as the petition as filed in Dallas County district court constitutes an attack upon the judgment as entered in cause No. 8981, the writ of prohibition is granted. See authorities, supra. Wherein Burford and Thomas seek to allege a cause of action by pleading defenses against the judgment in Cause No. 8981, the petition fails to state a cause of action; that judgment is res judicata of all

defenses plead. This very proposition was before the El Paso Court of Civil Appeals in American Ins. Co. of Texas v. Crawford, 78 S.W.2d 648. The issues of "classification", amount available under the "classification", the insolvency of the "classification", as plead by Burford and Thomas, were defensive issues, and, as stated above, final judgment in cause No. 8981 is res judicata of these issues. The conclusion follows that the judgment in cause No. 8981 is a general judgment against American Casualty Company; and Warren Bailey, as assignee, has the right to look to all the assets of the American Casualty Company to liquidate his judgment. People's Mutual Benefit Society v. Werner, 6 Ind.App. 614, 34 N.E. 105; Texas Mutual Life, etc. v. Burns, Tex.Civ. App., 92 S.W.2d 469; Southern Travelers Ass'n v. Stillman, Tex.Civ.App., 109 S.W. 2d 285.

 We agree with Burford and Thomas that the funds now held by American Casualty Company, as between it and its policy holders, constitute a trust fund for the satisfaction and payment of policy holders' claims. But this trust fund is charged by law with the operating expenses and the general debts of American Casualty Company. Authorities last above cited. The division of the premium receipts—40 and 60 —was on a contract between American Casualty Company and its policy holders; they could not contract to the prejudice of the creditors of American Casualty Company. If such a contract could be made, then the division could be 90 per cent for the insured and 10 per cent for the Insurance Company, or 99 per cent for the insured and one per cent for the Insurance Company. Any division between the Insurance Company and its insured, which fails to leave in the hands of the Insurance Company sufficient funds to pay its operating expenses and general debts, would be void as a fraud against the creditors of the Insurance Company.

 American Casualty Company is a mutual company and has no assets except the funds paid to it by its policy holders; and Burford and Thomas, holding policies with American Casualty Company, are privies in law with it in all litigation involving the assets of the company, and they and the other policy holders were not necessary parties defendant in cause 8981. 65 C.J. 869; 35 C.J. 1003; O'Conner v. Board of Trustees of Pension Fund, 247 Ill. 54, 93 N.E. 124. It follows that, since Ameri-

can Casualty Company is estopped to question the legality of the judgment in cause No. 8981 and its construction as a general judgment against its assets, Burford and Thomas are also estopped to the same extent. So, conceding the trust relation plead by Burford and Thomas, the trust fund is charged with the payment of the judgment in cause 8981. Therefore, as against this ground of their petition, the writ of prohibition is also granted in all things as prayed for by Warren Bailey.

Burford and Thomas necessarily sued as representatives of all the policy holders. As prayed for by relator, the writ of prohibition extends to all policy holders. The purport of this order is to enjoin and prohibit American Casualty Company and its policy holders from filing any suit in any court, attacking in any way the judgment in cause No. 8981 as originally entered and as revived.