**PARKER et al. v. JONES.**

No. 3392.

Court of Civil Appeals of Texas.
Beaumont.

May 4, 1939.

Rehearing Denied May 24, 1939.

J. R. Bogard, of San Augustine, and Sanders & McLeroy, of Center, for appellants.

Joe Fisher and Ben Ramsey, both of San Augustine, for appellee.

WALKER, Chief Justice.

This appeal was prosecuted by appellants, F. K. Parker and his wife Gladys Parker, from a judgment of the district court of San Augustine County in favor of appellee, Jim Jones, entered on the verdict of a jury cancelling a deed dated the 25th day of March, 1937, recorded in Vol. 77, page 484, of the deed records of San Augustine County, executed by appellee to Mrs. Gladys Parker; on the recitations of the deed, on the recited consideration of $200, appellee conveyed to Mrs. Gladys Parker 100 acres of land, part of the C. Herford survey in San Augustine County. As grounds for cancelling the deed appellee plead, together with other issues found against him by the jury: "Plaintiff al-

leges that if he is mistaken in the allegations set forth in section 8 of this petition, and that the purported deed bears his genuine signature, then plaintiff says that he was beguiled into the execution of said instrument, that same was not explained to him, he did not know that he was executing an instrument that was divesting him of the title to said land, and that if he had known that he was signing an instrument that conveyed title to said property he would not have signed same, and on account of such tactics in securing the execution of said instrument, the same is not the free and voluntary act of plaintiff, and therefore not binding upon him." Appellants answered by pleas of demurrers, general denial, etc. After overruling appellants' motion for an instructed verdict, the court submitted the case to the jury on special issues. We give issue No. 1:

"Do you find from a preponderance of the evidence that the plaintiff, Jim Jones, at the time he executed to the defendant, Gladys Parker, the deed in controversy, dated March 25, 1937, understood the nature and effect of said deed?

"You will answer this question yes or no as you determine the facts to be."

To this issue the jury answered, "No." Appellants' motion to render judgment non obstante veredicto was overruled, and judgment was entered cancelling the deed and vesting appellee with the title and possession of the land in controversy.

Appellee was a negro boy, about 22 years old. His estate had been in probate for many years. On the 28th day of February, 1933, the probate court of San Augustine County, on his guardian's application, entered its order directing him to purchase the 100 acres of land in controversy, and to use $1,800 of the money belonging to the minor for that purpose; the order recited a hearing and a finding by the court that the purchase would benefit "the ward and his estate." On authority of the order, the guardian, on the 28th day of February, 1933, took a deed to the land from E. L. Henry on the recited consideration of $1,800 cash in hand paid. On the 18th day of January, 1937, after attaining his majority, Jim Jones executed to W. K. Knight a deed of trust on the land in controversy to secure the City Grocery Company—a business belonging to and operated by appellants—in payment of his note to the City Grocery Company, in the principal sum of $150. On the 24th day of March, 1937, appellee was in the store of F. K. Parker—City Grocery Company—in the city of San Augustine, discussing their business relations; in addition to the note for $150 appellee owed appellants a store account of about $50; appellants had prepared, and tendered to appellee a deed of trust to be executed by him. As we understand the record, these facts are established by the uncontradicted testimony.

Appellee's testimony raised the following fact issues: He signed the instrument attacked by his petition; when he signed it he thought it was a deed of trust. He did not know that he was signing a deed. He was not told that the instrument was a deed. No one kept him from reading the instrument, but he did not read it. He thought it was a deed of trust; he had already given appellants one deed of trust. No one explained to him the instrument he signed; no one told him it was a deed. He testified: "I don't recall ever signing a deed to Mrs. Gladys Parker for 100 acres of land I never delivered to her any instrument with my signature with the intention of selling her my 100 acres of land. That deed there—I signed it, but I didn't know it was a deed; it wasn't wrote out for a deed. I didn't execute it in satisfaction of the debt—the deed of trust—I owed Mr. Parker. He didn't read the instrument offered to me to be a deed; it wasn't made out for a deed. I don't remember signing a deed; if that is my signature I didn't know it was a deed."

Appellants' testimony on these points contradicted sharply appellee's theory of the case. Under their testimony the transaction was a deed. The fact issues on this state of the record were for the jury; it was the judge of the credibility of the witnesses and the weight to be given their testimony. The evidence supports the jury's answer to question No. 1. The jury's answer to that question, together with "the findings that the court had made"—quoting from the judgment—supports the judgment of the lower court cancelling the deed from appellee to appellants, and awarding him title to and possession of the land.

But appellants say: (a) Appellee "was not entitled to any relief" and the court should have granted their motion for a peremptory instruction, for the reason that appellee "admitted signing the deed without reading it"; (b) having admitted that he

executed the deed "it is immaterial that he failed to read the deed or to know the contents thereof"; (c.) the court erred in overruling their motion for judgment non obstante veredicto.

■ Appellants invoke the general rules that equity will not grant relief from a mistake where the injured party by the use of diligence could have ascertained the real facts, nor where the means of information are open to both parties, and no confidence is reposed. Stating and recognizing these general rules, our Supreme Court, in Edwards v. Trinity & B. V. Railway Co., 54 Tex.Civ.App. 334, 118 S.W. 572, 576, said: "Their operation is, indeed, quite narrow." It is our conclusion that these general principles of equity are not invoked by the facts of this case. There was exhibited to appellee a deed of trust; on his testimony he did not know that the deed in issue had been substituted for the deed of trust. Appellants knew that the instrument was a deed and, on appellee's testimony, they concealed from him the fact that the deed had been substituted for the deed of trust. On appellee's testimony, he signed the instrument believing it was a deed of trust, and would not have signed it had he known it was a deed. Though there was no "fiduciary" relationship between the parties, the facts invoked against appellant a duty that carried with it all the obligations of that relationship—F. K. Parker was a mature business man; appellee was a negro boy; Parker was a man of some means and had loaned appellee $150, and had extended him credit in his grocery store. In dealing with this negro boy, Parker rested under the duty of explaining the deed and its legal effect. The court ruled correctly in overruling appellants' motions for an instructed verdict, and for judgment non obstante veredicto.

■■ Appellants excepted to issue No. 1 on the ground that it was "on the weight of the evidence." The exception was too general. Texas Mexican Railway Co. v. Bell, Tex.Civ.App., 110 S.W.2d 199; Karotkin Furniture Co. v. Decker, Tex.Civ. App., 32 S.W.2d 703. But question No. 1 was not on the weight of the evidence —on its merits, the point is overruled.

■ They also make the point that issue No. 1 put the burden of proof upon them to establish the affirmative of the question by the preponderance of the testimony. The only exception relied upon by appellants on this point was "* * * the burden is improperly imposed upon defendants * * *." The exception was too general. Authorities last above cited.

■ Appellants prepared, and the court approved, a bill of exception to the argument of appellee's counsel to the following effect: "Gentlemen of the jury, when you go out to write your verdict, I want you to answer each and every special issue submitted to you by the court 'no' so that the plaintiff in this case can have a judgment for his land." This bill of exception was made a part of the transcript filed in this court on the 16th of March, 1938. After the original transcript was filed in this court, and after the adjournment of the term of court at which this case was tried, appellee filed his motion in the lower court to strike the bill, on the ground that it did not correctly state the argument of his counsel. Notice was given to appellants of the filing of the motion, and after due notice the motion came on to be heard. Appellants did not appear; the motion was sustained. The original bill of exceptions was stricken from the record, and the court prepared and ordered filed a second bill on this point which, under the orders of this court, was brought forward and filed in this court on the 20th day of April, 1938, as a supplemental transcript. The court had the power to entertain appellee's motion to strike the bill of exception from the record, and to grant the relief prayed for in the motion; the stricken bill is not now a part of the record. Redwine v. Coleman, Tex.Civ.App., 71 S.W.2d 921. In their brief, filed in this court on the 12th day of January, 1939, appellants' assignment of error and propositions of law are against the original bill. The bill prepared by the court presents issues not raised by appellants' assignment of error and proposition. It follows that the assignment of error briefed by appellee has no support in the record; but, notwithstanding, we have carefully considered the argument of counsel, as certified by the court in his bill, and have concluded that it does not present reversible error.

The judgment of the lower court is affirmed.