HOUSTON NORTH PROPERTIES,
et al., Relators,

v.

The Hon. Frank O. WHITE, Judge
295th District Court of Harris
County, Respondent.

P.T. EICHELBERGER, Jr., et
al., Relators,

v.

The Hon. Marsha ANTHONY, Judge
334th District Court of Harris
County, Respondent.

Nos. 01–86–0943–CV, 01–86–0944–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

March 19, 1987.
Rehearing Overruled May 14, 1987.

Norman Riedmueller, Mary Riordan, Krist, Kinney, Puckett & Riedmueller, Tom Alexander, Kevin McEvily, Alexander, Fogel & McEvily, Mike Johnston, Sullins, Johnston, Rohrback & Magers, Houston, for relators in 01–86–0943–CV.

R.A. Eichelberger, Baytown, William Dickson, Dickson & Associates, Reinnette Morin Marek, Cynthia M. Crowe, Chamberlain, Hrdlicka, White, Johnson & Williams, for respondents in 01–86–0943–CV.

R.A. Eichelberger, Baytown, William Dickson, Dickson & Associates, Houston, for relators in 01–86–0944–CV.

Norman Riedmueller, Mary Riordan, Krist, Kinney, Puckett & Riedmueller, Tom Alexander, Kevin McEvily, Alexander, Fogel & McEvily, Mike Johnston, Sullins, Johnston, Rohrback & Magers, Reinnette Morin Marek, Cynthia M. Crowe, Chamberlain, Hrdlicka, White, Johnson & Williams, Houston, for respondents in 01–86–0944–CV.

Before DUGGAN, LEVY and HOYT, JJ.

## OPINION

HOYT, Justice.

### ORIGINAL PROCEEDINGS ON WRITS OF PROHIBITION AND MANDAMUS

This case involves a controversy between two district courts concerning which court has jurisdiction over three related cases, trial court cause numbers 79–26873, 85–25994, and 85–26017. Relators, Houston North Properties and related parties (hereafter "Houston North Properties"), seek to have this Court prohibit 295th District Court Judge Frank O. White from entering further orders concerning the parties' dispute and to compel him to withdraw orders that he has issued in connection with these cases. Relators, P.T. Eichelberger and Louis B. Hughes, seek a writ of mandamus to compel 334th District Court Judge Marsha Anthony to recuse herself or to refer a previously filed motion to recuse to the presiding judge of the administrative district.

This is a dispute with a lengthy, litigious history. Except as set out below, recitation of most of the facts are unnecessary to the disposition of these proceedings.

On August 8, 1986, at the request of Eichelberger and Hughes, Judge White entered an order appointing a receiver and enjoining disbursement of partnership and corporate assets that were the objects of the dispute. On appeal, that interlocutory order was dissolved by this Court, holding that Judge White abused his discretion. Further, we concluded that based on the pleadings and orders, Eichelberger and Hughes had invoked the jurisdiction of the 295th District Court only to help them in discovery. *Houston North Properties v. Eichelberger*, No. 01–86–665–CV (Nov. 20, 1986) (unpublished).

On November 17, 1986, the 334th District Court, presided over by Judge Anthony, proceeded to trial on the three cause numbers, pursuant to her orders of May 8, 1986, setting the cases for trial and transferring all related cases to her court.

Eichelberger and Hughes, who at all times were aware of the trial setting, failed to appear for trial. Judge Anthony severed the claims of the parties not related to the Eichelberger's and Hughes' claims, and also severed the injunction orders and claims against Eichelberger and Hughes. The two cause numbers that concerned Eichelberger and Hughes, numbers 85–25994 and 85–26017, were reset to November 19 pending an inquiry as to the whereabouts of Eichelberger and Hughes.

In the meantime, Eichelberger and Hughes filed a motion to recuse Judge Anthony and set it for hearing before her on November 21. Notwithstanding, the cases proceeded to trial on November 19, and Judge Anthony signed judgments on November 25 and December 8. These judgments purported to dispose of all matters raised by Eichelberger and Hughes, assessed damages and attorney's fees against them, and made the temporary injunction prohibiting further suits by Eichelberger and Hughes a permanent one.

After this Court dissolved Judge White's interlocutory orders, on November 24, 1986, Judge White consolidated all cases remaining in Judge Anthony's court with the temporary injunction and appointment of receivership cause before him. He then proceeded to vacate all orders entered by Judge Anthony after August 4, 1986, the date that he heard the application for a temporary injunction and the appointment of a receiver.

Then, on December 16, 1986, Judge White called to trial the consolidated cases. The next day, Houston North Properties filed a motion for leave to file this petition for writ of prohibition with this Court. On December 18, Eichelberger and Hughes answered Houston North Properties' motion by filing the application for leave to file a petition for writ of mandamus.

This Court granted leave to file both petitions and ordered all proceedings involving these parties stayed in both trial courts.

■ This Court has jurisdiction to consider a petition for writ of prohibition because such a writ lies to prohibit parties from proceeding with suits that attempt to relitigate issues that were already the subject of judgments affecting the same parties. *Magnolia Petroleum Co. v. McLean*, 131 Tex. 585, 117 S.W.2d 417 (Tex.1938). Where the mere filing and prosecution of the second suit destroys the efficacy of a final judgment on a previous suit, a writ of prohibition is the proper form of relief. *United Gas Corp. v. Morrell*, 434 S.W.2d 697 (Tex.Civ.App.—Beaumont 1968, no writ). If the second court attempts to interfere with the prior action, this Court has the power to act by appropriate writ to settle the conflict of jurisdiction. *Curtis v. Gibbs*, 511 S.W.2d 263 (Tex.1974); *Cleveland v. Ward*, 116 Tex. 1, 285 S.W.2d 1063 (Tex.1926).

■ The court in which suit is first filed generally acquires dominant jurisdiction to the exclusion of other courts, *Curtis v. Gibbs*, 511 S.W.2d at 267, and no other court in which a subsequent suit is filed has the power to interfere. *Johnson v. Avery*, 414 S.W.2d 441 (Tex.1966). It is not enough, however, that a suit be filed first. To acquire dominant jurisdiction over a cause, "everything and everyone necessary for the court to resolve the dispute, except the evidence," must be before the court. *Grimes v. Harris*, 695 S.W.2d 648, 651 (Tex.App.—Dallas 1985, no writ).

The record in this case shows that the 334th District Court originally acquired jurisdiction over Eichelberger and Hughes when they intervened in the original suit, cause number 79–26873. All claims among the parties were consolidated for trial purposes. During trial of the consolidated cases, Eichelberger and Hughes nonsuited their claims, alleging as a basis, their inability to make adequate discovery. A new proceeding involving the same subject matter and parties was then filed in Judge White's court within days of the nonsuit. As previously noted, Judge Anthony had consolidated this new case with cases that were pending in her court. Those cases remained pending in her court because in the original suit, case number 79–26873, the jury had been unable to render a verdict, and because the Houston North Properties parties had petitioned for injunctions against Eichelberger's and Hughes' bringing any new suits.

We conclude that the 334th District Court was the first court in which suit was filed, and that it is the court of dominant jurisdiction.

Eichelberger and Hughes voluntarily submitted themselves to the jurisdiction of the 334th District Court by way of their intervention in the case early in the litiga-

tion among the parties, cause number 79–26873, and the subsequent, unobjected to consolidation with this case of a suit they had pending in the 55th Judicial District, cause number 85–25994. Additionally, the 334th District Court had before it "everything and everyone necessary for the court to resolve the dispute, except the evidence." *Id.*

Furthermore, Rule 1B(2) of the adopted and approved local Rules of the District Courts provides:

> If a case is filed in which there is a substantial identity of parties and causes of action as in a nonsuited case, the later case shall be assigned to the court where the prior case was pending.

Rules of the District Courts, vol. 2, 26–28 (special minutes of the District Courts of Harris County).

It is patently clear that Eichelberger and Hughes took a nonsuit of their claims in the consolidated cause, number 79–26873, for the single purpose of seeking a more favorable forum, even though they urged the inaccessibility of corporate records as the basis for the appointment of a receiver and for injunctive relief and for the nonsuit taken.

The local rules generally require that in a case that seeks injunctive relief, if the judge receives oral testimony, the case shall be transferred from the court in which it is pending to the court granting injunctive relief. Rule of the Harris County Civil Courts 8(C). However, by seeking the appointment of a receiver and the entry of a temporary injunction, Eichelberger's and Hughes' ultimate goal was to avoid the orders entered by Judge Anthony of the 334th District Court. This move to manipulate jurisdiction away from another district court is repugnant both to the rules of trial and appellate procedure, and to the spirit behind their enactment that dictates order and efficiency among courts with concurrent jurisdiction. This conduct is a threat to the independence and order of our judiciary. It must cease.

■ We hold that the 334th District Court has dominant jurisdiction of the parties and the claims, and that all orders entered by Judge White after May 8, 1986, were wrongful attempts to interfere with the 334th District Court's jurisdiction. We further hold that the orders and judgments entered by the 334th District Court constitute a valid and final resolution at the trial level of the disputes between the parties.

■ Finally, we address Eichelberger's and Hughes' petition to compel Judge Anthony to recuse herself. A motion to recuse must be timely filed before the mandatory provisions of Tex.R.Civ.P. 18a, which concern the hearing of motions to recuse, are triggered. *Limon v. State*, 632 S.W.2d 812, 815–816 (Tex.App.—Houston [14th Dist.], 1982, pet. ref'd). Unless a motion to recuse is timely filed, the mandatory provisions of Tex.R.Civ.P. 18a and Tex.R.Civ.Stat.Ann. art. 200a § 6 (now Tex. Gov't Code Ann. § 74.036(c)(3)) concerning hearing and referral of a motion to recuse do not come into play. *Petitt v. Laware*, 715 S.W.2d 688, 692 (Tex.App.—Houston [1st Dist.] 1986, no writ); *Gonzalez v. Gonzalez*, 659 S.W.2d 900, 901 (Tex.App.—El Paso 1983, no writ); *Autry v. Autry*, 646 S.W.2d 586 (Tex.App.—Tyler 1983, no writ). The motion to recuse was filed November 19, two days after the trial began on November 17. The record does not indicate any justification for the late filing of the motion to recuse. We hold that the motion to recuse was untimely filed.

Accordingly, the following writ shall conditionally issue, and all others are denied. We grant Houston North Properties' request for a writ of prohibition and direct Judge Frank O. White to take no further action with respect to consolidated cause numbers 79–26873, 85–25994, and 85–26017. We further order vacated any and all orders entered by him in this matter after May 8, 1986.

Writ will issue only in the event that the Judge White fails to comply with this order.