**Michael G. STARNES et al., Appellants,**

v.

**Pat S. HOLLOWAY et al., Appellees.**

**No. 05–88–00706–CV.**

Court of Appeals of Texas,
Dallas.

Aug. 15, 1989.

Rehearing Denied Oct. 11, 1989.

Thomas V. Murto, III, Mitchell Madden, Edwin E. Wright, III, Dallas, for appellants.

Pat S. Holloway, Austin, pro se.

Wallace A. McLean, Austin, Michael E. Rohde, Dallas, for appellees.

Before STEWART, BAKER and WHITTINGTON, JJ.

BAKER, Justice.

This summary judgment case concerns another chapter in the continuing saga of the multiple litigation between the Browning interests and Holloway. The issue is whether the trial court erred in holding that a 1982 judgment rendered by Judge Dee Brown Walker of the 162nd District Court was void as a matter of law because that judge never legally acquired subject matter jurisdiction of the initial suit. We hold that the trial court did err in so holding, reverse the trial court's judgment, and remand this cause for further proceedings.

The litigation between the parties began in 1979. The Brownings sued Holloway, Humble Exploration Company, and others for damages and for the imposition of a constructive trust on Holloway's and Humble's assets. This suit was filed in the 193rd District Court. Humble and Holloway subsequently filed bankruptcy petitions and removed this case to the bank-

ruptcy court. The *Browning v. Holloway* case was remanded by the bankruptcy court to the 193rd District Court, which later rendered a judgment on a prior settlement agreement between the parties. However, this Court held that the attempted settlement agreement was unenforceable.[1] In 1982, Fairway Land Company and others sued Holloway and Humble in the 162nd District Court. These plaintiffs were investors who asserted that Humble had wrongfully shut in oil and gas wells jointly owned by these investors and Humble. The *Fairway* suit sought the appointment of a receiver over these assets. The Brownings were also named as defendants in the *Fairway* suit because of their claim to ownership of the Holloway/Humble assets. Judge Walker appointed a receiver in the *Fairway* case over Holloway's and Humble's assets; however, this receivership was later vacated by this Court.[2]

After this Court remanded the *Browning* suit to the 193rd District Court, the Honorable Paul G. Peurifoy, as Presiding Judge of the First Administrative District of the State of Texas, specially assigned retired District Judge Fred S. Harless to the 193rd District Court to try the *Browning* case. Judge Harless retried the portion of the case involving the settlement agreement and set the remainder of the issues between the Brownings and Holloway for a trial at a later date. In the meantime, the Brownings had filed a cross action in the *Fairway* case involving the same issues then pending in the *Browning v. Holloway* case. After a series of orders, which are discussed in greater detail below, the cases then pending in the 193rd and 162nd District Courts were consolidated for trial in the 162nd District Court by Judge Walker, the elected judge of that court. The Brownings secured a severance of the is-

sues between them and Holloway, and Judge Walker tried these issues. This trial resulted in the Brownings obtaining a multi-million dollar judgment against Holloway, Humble, and others. Humble and Holloway appealed that judgment, and this Court ultimately dismissed that appeal.[3]

Then, in 1986, Holloway filed this suit as a combined collateral attack and bill of review against Starnes and the Brownings attacking the 1982 *Browning* judgment. Judge Tom Ryan, sitting as a senior District Judge in this case for the 162nd District Court, granted Holloway's twelfth motion for partial summary judgment. That motion sought summary judgment on the ground that the 1982 *Browning* judgment was void as a matter of law because the judge who entered it never legally acquired subject matter jurisdiction of the suit. In their first point of error, the Brownings contend that the trial court erred in granting this summary judgment in favor of Holloway.

■ The function of summary judgment is not to deprive a litigant of his right to a full hearing on the merits of any real issue of fact, but to eliminate patently unmeritorious claims and untenable defenses. *Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929, 931 (1952). The standards for reviewing a motion for summary judgment are well established. As mandated by the Supreme Court of Texas, they are: (1) the movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and (3) every reason-

1. *See Browning v. Holloway*, 620 S.W.2d 611 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.).

2. *See Humble Exploration Co. v. Fairway Land Co.*, 641 S.W.2d 934 (Tex.App.—Dallas 1982, writ ref'd n.r.e.).

3. *See Humble Exploration Co. v. Browning*, 690 S.W.2d 321 (Tex.App.—Dallas 1985, writ ref'd n.r.e.) (en banc), *cert. denied*, 475 U.S. 1065, 106 S.Ct. 1376, 89 L.Ed.2d 602 (1986). For a more detailed recitation of the history of the litigation, *see Browning v. Navarro*, 37 B.R. 201 (N.D. Tex.1983), *rev'd*, 743 F.2d 1069 (5th Cir.1984); *Browning v. Navarro*, 743 F.2d 1069 (5th Cir. 1984); *Browning v. Navarro*, 826 F.2d 335 (5th Cir.1987); *Browning v. Ryan*, 756 S.W.2d 379 (Tex.App.—Dallas 1988, orig. proceeding), *vacated*, 767 S.W.2d 680 (Tex.1989); *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680 (Tex. 1989).

able inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex. 1985). It is not the purpose of the summary judgment rule to provide either a trial by deposition or a trial by affidavit, but rather to provide a method of summarily terminating a case when it clearly appears that only a question of law is involved and that there is no genuine issue of fact. *Gaines v. Hamman,* 163 Tex. 618, 358 S.W.2d 557, 563 (1962).

After rendition of this summary judgment, the trial court, at the Brownings' request, entered findings of fact and conclusions of law. In response to the Brownings' contention that the trial court erred in entering summary judgment in Holloway's favor, Holloway contends that the trial court's findings of uncontested facts and conclusions of law are controlling since they were not controverted or objected to by the Brownings and they support the trial court's ruling. We disagree.

■■■ If it is necessary for the trial court to resolve factual issues to enter judgment, then the summary judgment rendered is neither authorized by the summary judgment procedure nor proper. *See Smith v. Bolin,* 153 Tex. 486, 271 S.W.2d 93, 94 (1954); TEX.R.CIV.P. 166a(c). As stated, the summary judgment procedure is designed to eliminate patently unmeritorious claims and untenable defenses when there is no genuine issue of material fact; therefore, it is unavailable for the adjudication of the merits of any material issue of fact. *See In re Estate of Price,* 375 S.W.2d 900, 904 (Tex.1964). Findings of fact and conclusions of law have no place in a summary judgment proceeding. *State v. Easley,* 404 S.W.2d 296, 297 (Tex.1966). Where a summary judgment is granted, if findings are made at the request of a party, they are not controlling on appeal. *City of Grand Prairie v. City of Irving,* 441 S.W.2d 270, 273 (Tex.Civ.App.—Dallas 1969, no writ). The movant must establish his entitlement to a summary judgment on the issues expressly presented to the trial court by conclusively proving all essential elements of his cause of his action or defense as a matter of law. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979). Summary judgments are not to be granted on default of the opponent, but only on the merit of the summary judgment proof offered by the movant. *Swilley v. Hughes,* 488 S.W.2d 64, 68 (Tex.1972). Our task is to determine if Holloway is entitled to his summary judgment as a matter of law for the reasons asserted in his motion. *See City of Houston,* 589 S.W.2d at 679.

The events that are pertinent to Holloway's assertion that the active judge of the 162nd District Court never legally acquired subject matter jurisdiction of the *Browning* case involved a series of orders. The date and nature of each of these relevant orders are:

| Date | Nature of Order |
| --- | --- |
| 12/18/81 | The Honorable Paul G. Peurifoy, as Presiding Judge of the First Administrative District of Texas, specially assigned retired District Judge Fred S. Harless to the 193rd District Court to try the *Browning* case. |
| 6/10/82 | The Honorable Hugh Snodgrass, the elected and presiding judge of the 193rd District Court, entered an order in the *Browning v. Holloway* case ordering that case to be transferred to the docket of the 162nd Judicial District Court. |
| 6/10/82 | The Honorable Dee Brown Walker, the elected and presiding judge of the 162nd District Court, entered an order consolidating the *Browning v. Holloway* case with the *Fairway v. Humble* case then pending in the 162nd District Court. |
| 6/11/82 | The Honorable John J. Mead, Jr., the acting Presiding Judge of the Dallas County District Courts, entered an order that all claims and causes of actions of the parties in the *Browning* case and the *Fairway* case be transferred back to the 193rd Judicial District Court, with Judge Fred S. Harless presiding. This order also held the order of consolidation signed by Judge Walker of the 162nd District Court on June 10, 1982, to be void and of no effect. This order further held that the order by Judge Hugh Snodgrass entered on the 10th day |

of June, 1982, was also void and of no effect.

6/11/82 Judges Snodgrass and Walker jointly entered an order that both the *Browning* and *Fairway* cases would be heard before Judge Walker in the 162nd District Court.

6/12/82 The Honorable Dan Gibbs, the elected Presiding Judge of the Dallas County District Courts, entered an order vacating the order entered by Judge Mead on June 11, 1982, and also ordered that no further proceedings should be filed or presented in the causes without leave of Judge Walker of the 162nd District Court and without leave of Judge Gibbs as Presiding Judge of the Dallas County District Courts.

Holloway's position is that the special assignment of the *Browning* case to retired Judge Harless for trial was never revoked, withdrawn, modified, or changed in any way, and, therefore, Judge Walker of the 162nd District Court never legally acquired "jurisdiction of the subject matter" of the *Browning* case and never acquired any power or jurisdiction to try the case or render judgment therein.

Holloway contends that the order of acting Presiding Judge Mead transferring the *Browning* case out of Judge Walker's court served to divest Judge Walker of subject matter jurisdiction over the case. He argues that this is so because Judge Mead's order was valid and specifically authorized by statute. Holloway relies on section 4(a) of former article 200b of the Texas Revised Civil Statutes and on rule I.A.4 of the Standing Rules of the District Judges of Dallas County, Texas. These provisions simply state that a presiding judge may assign and transfer cases from one court to another court. *See* Act of May 26, 1971, ch. 376, 1971 Tex.Gen.Laws 1395, *repealed by* Act of June 12, 1985, ch. 480, § 26, 1985 Tex.Gen.Laws 1720, 2048 (current version at TEX.GOV'T CODE ANN. § 75.011(d)(1) (Vernon 1988)). Holloway then asserts that when the presiding judge of a multi-district county transfers a case out of a particular court, a judgment thereafter entered by that court is unauthorized, without jurisdiction, and void.

Holloway relies on *De Zavala v. Scanlan*, 65 S.W.2d 489 (Tex.Comm'n App.1933, judgm't adopted). It is Holloway's position that the 1982 judgment, entered by Judge Walker after Judge Mead transferred the case out of Judge Walker's court, was unauthorized, without jurisdiction, and void.

Holloway's reading of *De Zavala* is overly broad, and, consequently, his conclusion is unwarranted. In *De Zavala*, a suit had been filed in the eleventh district court in 1927. In March of 1930, the judge of that court dismissed the case for want of prosecution. At the time of dismissal, the case was under advisement for decision by the judge of the fifty-fifth district, the case having been heard by that judge in 1930. Further complicating matters, the case was tried in the sixty-first district court, and a judgment was rendered in that court on April 25, 1930. Upon motion, Judge Boyd of the fifty-fifth district entered a nunc pro tunc order in May of 1930 transferring the case from the eleventh district to the fifty-fifth district as of February 7, 1930. Judge Boyd's order stated that the allegations in the motion for entry of the order were found to be true. The motion alleged that Judge Boyd was the Presiding Judge, that he ordered the case transferred from the eleventh to the fifty-fifth district on February 7, 1930, that this order was not entered on the minutes, and that the case was tried by Judge Boyd and taken under advisement by him until April 25, 1930, when the case was transferred to the sixty-first district court for another trial. *See De Zavala*, 65 S.W.2d at 493.

The *De Zavala* court noted that the appellate record contained no order transferring the case to the sixty-first district, but the judgment rendered by that court stated that all parties appeared and announced ready for trial. Based on these facts, the court held that the sixty-first district court had jurisdiction to try the case. *De Zavala*, 65 S.W.2d at 493. The court acknowledged that a statute provided that a judge of a district court in a multi-district county could transfer cases from one court to another, could try and determine any case pending in another court, and could try in his own court any case pending in another

court. *See De Zavala*, 65 S.W.2d at 493; TEX.REV.CIV.STAT.ANN. art. 2092, § 21 (Vernon 1964), *repealed by* Act of June 12, 1985, ch. 480, § 26, 1985 Tex.Gen.Laws 1720, 2048 (current version at TEX.R. CIV.P. 330(e)). However, the court held that there is a specific and narrowly defined exception to the broad terms of this statute, stated by the court as follows:

> [I]t certainly was not, and could not have been, the intention of the Legislature to permit one judge to enter an order of dismissal for want of prosecution in a case then actually in process of trial by another judge. Over a case so in process of trial, the judge trying it must of necessity have exclusive control and jurisdiction. We conclude that the action of the district judge of the Eleventh district court in entering the order of dismissal when the case had been heard by Judge Boyd and was then being held under advisement by him, and thus was in process of trial, was unauthorized, without jurisdiction, and void.

*De Zavala*, 65 S.W.2d at 494.

Holloway's reliance on the *De Zavala* case as directly on point and controlling is misplaced. There are significant distinctions between that case and this case. The exception recognized and applied by the *De Zavala* court involved *dismissal* of a case presently under advisement after trial. The present case was not dismissed; it was merely transferred to another court where it was heard and decided. It was the order of dismissal that the *De Zavala* court held void. There was no such order in the present case. In *De Zavala*, the case dismissed was the very case that was under advisement. The present case involved at least two distinct proceedings, a trial on Holloway's claim that the settlement agreement was enforceable, which was heard by Judge Harless, and a separate trial on the Brownings' underlying claims against Holloway. Only the latter was heard and decided by Judge Walker, and it was not under advisement in Judge Harless's court because *it never even came to trial in that court.* Thus, unlike the *De Zavala* case, the case that is the subject of this appeal was not under advisement following a trial when it was transferred back to Judge Walker's court and tried and decided there.

Moreover, the *De Zavala* case does not support Holloway's position even if the distinctions noted above are ignored. When properly analyzed, *De Zavala* actually supports the Brownings' position that Judge Walker's judgment was not void because he did have jurisdiction of this case. The *De Zavala* court specifically held that the sixty-first district court, the court to which the case had been transferred, had jurisdiction of the case *despite the fact that the fifty-fifth district court had the same case under advisement following a trial in that court. See De Zavala*, 65 S.W.2d at 493, 494. In our view, a correct reading of *De Zavala* leads to the conclusion that it reaches a determination opposite to that which Holloway ascribes to it.

Holloway's contentions also ignore the order of Presiding Judge Gibbs. The rule and statute relied upon by Holloway as authorizing Judge Mead's order provide equal authorization for Judge Gibbs's order. Judge Gibbs's order effectively assigned the *Browning* case to Judge Walker and vacated Judge Mead's prior order. Since that assignment is not in conflict with the *De Zavala* holding, and since it was authorized by rule and statute, Holloway is left with no basis whatsoever for arguing that Judge Gibbs's order was ineffective.

Holloway's next contention is that Judge Mead's order is entitled to res judicata and collateral estoppel effect. He argues that Judge Mead's decision was made in an original proceeding brought specifically for the purpose of determining whether Judge Walker had subject matter jurisdiction. Holloway states that the issue was determined at a contested evidentiary hearing and that the Brownings had a full and fair opportunity to litigate the issue. He maintains that the Brownings did so, lost, and failed to appeal Judge Mead's order. Therefore, according to Holloway, Judge Mead's "judgment" is conclusive and preclusive. These contentions are wholly without merit.

To be final, a judgment must determine the rights of the parties and dispose of all the issues involved so that no future court action will be necessary in order to settle and determine the entire controversy. An order which does not finally preclude further court proceedings is not a final appealable judgment. *See Wagner v. Warnasch,* 156 Tex. 334, 295 S.W.2d 890, 892 (1956). A judgment is presumed final if it is not intrinsically interlocutory in character and if it was rendered in a case regularly set for a conventional trial on the merits. *See North East Indep. School Dist. v. Aldridge,* 400 S.W.2d 893, 897–98 (Tex.1966). A judgment is interlocutory if it determines less than all of the issues as to all parties, leaving something further to be determined and adjudicated in disposing of the parties and their rights. *See MacNelly v. Cameron County,* 590 S.W.2d 182, 185 (Tex.Civ.App.—Corpus Christi 1979, no writ) (per curiam); *Hewitt v. Nielsen,* 553 S.W.2d 248, 249 (Tex.Civ.App.—Austin 1977, no writ).

The record clearly shows that Judge Mead's order of transfer concerned two already pending cases which had been consolidated. In most jurisdictions, an order transferring a case from one state court to another is not appealable because such an order is interlocutory and not final. The few states that do allow appeals from such orders generally do so on statutory grounds. *See* Annotation, *Appealability of Order Relating to Transfer, on Jurisdictional Grounds, of Cause from One State Court to Another,* 78 A.L.R.2d 1204, 1206–07 (1961). We hold that Judge Mead's order transferring the *Browning* case from one state court to another was an interlocutory order. It was not a final judgment and was not appealable.

Generally, only a final judgment can be res judicata. An interlocutory judgment or order cannot operate as res judicata. *See Stubbs v. Patterson Dental Laboratories,* 573 S.W.2d 274, 276 (Tex. Civ.App.—Eastland 1978, no writ); *Homeright Co. v. Exchange Warehouses, Inc.,* 526 S.W.2d 241, 245 (Tex.Civ.App.—Tyler 1975, writ ref'd n.r.e.). Application of collateral estoppel also requires that there be a final judgment. *See Gareis v. Gordon,* 243 S.W.2d 259, 260 (Tex.Civ.App.—Galveston 1951, no writ); *Ferguson v. Gleason,* 197 S.W.2d 863, 865 (Tex.Civ.App.—Amarillo 1946, no writ). Interlocutory orders on matters that are merely collateral or incidental to the main suit do not operate as res judicata or collateral estoppel. *See Old v. Clark,* 271 S.W. 183, 185 (Tex.Civ.App.—Dallas 1925, no writ). An order or judgment that is merely a ruling on a technical or procedural aspect of a case is not res judicata. *Swenson v. Swenson,* 420 S.W.2d 638, 640 (Tex.Civ.App.—Houston [14th Dist.] 1967, writ dism'd w.o.j.). Judge Mead's transfer order is not entitled to a collateral estoppel or res judicata effect. His order was clearly and intrinsically interlocutory, and it involved a procedural matter that was collateral and incidental to the main lawsuit.

Holloway also argues that the assignment by Presiding Judge Peurifoy of the *Browning* case to Judge Harless was jurisdictional and could not be ignored or overridden by Judge Walker. Holloway again relies on the *De Zavala* case for the proposition that a transfer order by a presiding judge is jurisdictional. On this basis, Holloway argues that the 1982 *Browning* judgment was void because it followed a jurisdictional assignment of the case to Judge Harless. We have previously explained that *De Zavala* does not support Holloway's position. The *De Zavala* court held that one court to which the case had been transferred had jurisdiction of the case *despite a previous transfer by the Presiding Judge to another court. De Zavala,* 65 S.W.2d at 493, 494. Obviously, the *De Zavala* court did not hold that the previous transfer by the Presiding Judge was jurisdictional and could not be overridden by the later transfer.

Holloway also contends that *State v. Preslar,* 751 S.W.2d 477 (Tex.1988), establishes that the assignment of a retired judge to a particular case by the Presiding Judge, pursuant to a statute, is jurisdictional in nature. *Preslar* states no such proposition of law. The issue as framed by

Holloway was not before the Texas Supreme Court in *Preslar*. The supreme court decided whether the Chief Justice of the Texas Supreme Court has authority to assign a retired appellate judge to sit as a visiting district judge within the administrative region where the retired judge resides. *See Preslar*, 751 S.W.2d at 478. The supreme court held that, absent circumstances specified by statute, the Chief Justice cannot make assignments within an administrative region. *See Preslar*, 751 S.W.2d at 479; TEX.GOV'T CODE ANN. § 74.049 (Vernon 1988). *Preslar* does not stand for the proposition asserted by Holloway. He has cited no competent authority for his assertion that Judge Peurifoy's assignment was jurisdictional and could not be overridden.

Furthermore, Holloway again ignores the fact that his arguments in support of the effectiveness of Judge Peurifoy's order provide equal support for the effectiveness of Presiding Judge Gibbs's order. That order assigned the *Browning* case to Judge Walker. Holloway does not contend that Judge Gibbs's order was not statutorily authorized. Yet Holloway never explains why that order was not jurisdictional, whereas he contends that Presiding Judge Peurifoy's order was jurisdictional. His contentions are inconsistent when examined in the overall context of this case.

■ Holloway also argues that under the "first in time" rule of *Cleveland v. Ward*, the 193rd District Court had exclusive jurisdiction of the *Browning* case, and the judgment rendered by Judge Walker is void for lack of jurisdiction. *See Cleveland v. Ward*, 116 Tex. 1, 285 S.W. 1063 (1926). Holloway's arguments are again based on a fundamental misreading of the authorities upon which he relies. In each of the cases he cites concerning dominant jurisdiction, the *same parties* already involved in the initial lawsuit were responsible for *filing additional suits* regarding the same subject matter in courts other than the one in which the initial suit was filed. *See Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 246 (Tex.1988); *Cleveland*, 285 S.W. at 1066–67; *Lamar Sav. Ass'n v.*

*White*, 731 S.W.2d 715, 715–16 (Tex.App.—Houston [1st Dist.] 1987, no writ); *Houston North Properties v. White*, 731 S.W.2d 719, 721–22 (Tex.App.—Houston [1st Dist.] 1987, writ dism'd w.o.j.). The present case involves *transfers* by *judges*. This factual distinction is crucial. The conduct at which the "dominant jurisdiction" or "first in time" rule is aimed is *the filing of successive lawsuits concerning the same subject matter by the same parties already involved.* *See Wyatt*, 760 S.W.2d at 248; *Houston North Properties*, 731 S.W.2d at 721–22. The sound rule, as stated by the *Cleveland* court, is that "jurisdiction cannot be destroyed, diminished, or suspended *by one of the parties bringing an action in another court.*" *See Cleveland*, 285 S.W. at 1071 (emphasis added). Although the *Houston North Properties* case did involve judicial transfers, the court clearly condemned the conduct of the parties in seeking a favorable forum and applied the rule of dominant jurisdiction because of that conduct. *See Houston North Properties*, 731 S.W.2d at 720–22.

Holloway's complaints are not directed at additional lawsuits brought by the parties in other courts. Instead, Holloway contends that Judge Walker's judgment was void because of an allegedly invalid *judicial* transfer and consolidation of two cases filed by *different* parties. If the "dominant jurisdiction" or "first in time" rule were broadly applied to this and similar cases, no judge, presiding or otherwise, would ever be able to assign or transfer a case after it has been properly filed in a particular court. Holloway's argument based on the rule of *Cleveland v. Ward* is without merit. Moreover, it is inconsistent with his previous contentions regarding the authority of Presiding Judges, and it again ignores the fact of Presiding Judge Gibbs's order assigning this case to Judge Walker and vacating Judge Mead's previous order.

■ In any case, Holloway's contention that Judge Walker's judgment is *void* because of the dominant jurisdiction rule is untenable. A void judgment is a nullity and may be impeached in any action, either direct or collateral. *Holder v. Scott*, 396

S.W.2d 906, 910 (Tex.Civ.App.—Texarkana 1965, writ ref'd n.r.e.). Thus, a void judgment's nullity cannot be waived. *See Easterline v. Bean,* 121 Tex. 327, 49 S.W.2d 427, 429 (1932). Yet, unless a party raises the pendency of an earlier suit by a timely plea in abatement, the alleged error is waived. *See Wyatt,* 760 S.W.2d at 248; *Smith v. Vial,* 555 S.W.2d 215, 217 (Tex. Civ.App.—Dallas 1977, no writ). Clearly, violation of the rule of dominant jurisdiction is a waivable error. Therefore, such error does not render a judgment void. For this additional reason, Holloway's argument fails.

Holloway next contends that when this Court vacated the Humble receivership, that action voided the dependent order of consolidation based on that receivership, thereby vacating Judge Walker's jurisdiction. Holloway argues that the orders by Judge Walker and Judge Snodgrass were based on, and depended solely on, the existence of the Humble receivership in the *Fairway* case. He argues that when this Court vacated that receivership, those "dependent" orders were also vacated. He also contends that the vacation relates back in time to the date of the improper receivership order, thereby leaving the *Browning* case where it was on that date, namely before Judge Harless.

■ Holloway applies a broad brush in his interpretation of the facts and law in the authorities he cites in support of his contention. We agree that "once a judgment or order is reversed, all dependent *causes of action* are simultaneously defeated." *See Flowers v. Flowers,* 589 S.W.2d 746, 748 (Tex.Civ.App.—Dallas 1979, no writ). However, this statement does not apply in this case. Orders consolidating and transferring cases are not dependent causes of action. We also agree that a reversed order or judgment is generally nullified and that no right can be asserted under a judgment that has been reversed. *See Flowers,* 589 S.W.2d at 748; *Gonzalez v. Texas Employers Ins. Ass'n,* 509 S.W.2d 423, 426 (Tex.Civ.App.—Dallas 1974, writ ref'd n.r.e.). Holloway's reliance on these cases is misplaced because the particular orders about which he complains were *not* reversed.

■ Nevertheless, Holloway's argument might be valid if the orders were truly dependent and solely based on the receivership which was later vacated. For example, a receiver cannot be compensated for work done when his appointment is later determined to be void. *See Bayoud v. North Cent. Inv. Corp.,* 751 S.W.2d 525, 529 (Tex.App.—Dallas 1988, no writ). In such a case, compensation of the receiver is clearly dependent upon and solely based upon his valid appointment as receiver. The record here does not show that the orders of Judges Walker and Snodgrass were dependent upon and solely based upon the vacated Humble receivership. Although Judge Walker's order of consolidation refers to the receiver's motion to consolidate, it does not purport to be based on the receivership. None of the other orders even mention the receivership. Moreover, orders of transfer and consolidation of cases simply are not of the same quality or character with respect to a receivership as are orders compensating a receiver. The latter necessarily *must* be based on the receivership; the former could be unrelated to the receivership, directly related to the receivership, or somewhere in between.

An order of transfer need not express any reason for the transfer. *See Akin v. Tipps,* 668 S.W.2d 432, 434 (Tex.App.—Dallas 1984, no writ). Therefore, the orders at issue here could well be based on unexpressed reasons, and Holloway has not shown that the orders are based only on the vacated receivership. The record before us simply does not establish as a matter of law that the orders complained of were dependent upon and solely based upon the Humble receivership. All of Holloway's arguments based on this faulty premise are thus without merit. Furthermore, Holloway again ignores the effect of Judge Gibbs's order. He makes no argument that that order was based on the vacated receivership. Having so far failed to establish that Judge Gibbs's order assigning this case to Judge Walker was in any way ineffective, Holloway's entire ar-

gument on the validity of the other orders is rendered irrelevant.

■ Holloway also asserts that Judge Walker's order of consolidation on which his jurisdiction depended was void because it was entered in violation of a local rule and rule 174(a) of the Texas Rules of Civil Procedure. He contends that Judge Walker's claim of jurisdiction is necessarily based on the order of consolidation. Rule 174(a) states:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

TEX.R.CIV.P. 174(a). Holloway argues that the words "pending before the court" mean that only actions pending in the *same* individual district court may be consolidated by the judge of that court. Holloway's contentions are not defensible because of section 21 of former article 2092 and rule 330(e) of the Texas Rules of Civil Procedure. *See* TEX.REV.CIV.STAT.ANN. art. 2092, § 21 (Vernon 1964) (repealed 1985) (current version at TEX.R.CIV.P. 330(e)). The rule and the former statute authorize the transfer and exchange of cases and other proceedings from one court to another. *See* art. 2092, § 21; TEX.R.CIV.P. 330(e). They are consistent with the Texas Constitution, which provides that district judges "may exchange districts, or hold courts for each other when they may deem it expedient, and shall do so when required by law." *See* TEX. CONST. art. V, § 11. The rule and former statute effectively make each district judge the judge of any other district court in the county. Distinctions between the Dallas County civil district courts are obliterated, and each court constitutes a part of a greater judicial organism. *See Gholson v. Thorn,* 597 S.W.2d 568, 570 (Tex.Civ.App.—Dallas 1980, no writ). Thus, the two cases consolidated by Judge Walker were in effect "pending before the court" since the distinctions between Dallas County civil district courts are effectively erased. Moreover, Judge Walker was effectively the judge of any civil district court in Dallas County. *See Gholson,* 597 S.W.2d at 570; *De Zavala,* 65 S.W.2d at 494. We reject Holloway's contention that Judge Walker acted in violation of rule 174(a).

■ Holloway also relies on rule 1.1(e) of the Dallas Civil District Court Rules, which provides that "[e]very motion for consolidation or joint hearing of two or more cases under Rule 174(a), Texas Rules of Civil Procedure, shall be filed in the earliest case filed." Holloway argues that since the receiver's motion for consolidation was filed in the later *Fairway* case, rather than in the earlier *Browning* case, Judge Walker's consolidation order is void. We reject this argument for several reasons. Although the rule purportedly requires a motion for consolidation to be filed in the earliest case filed, the rule does not purport to render void any order based on an erroneously filed motion. For that reason alone, Holloway's argument fails. Second, in view of the fact that judges can freely transfer and exchange cases, the local rule is purely procedural. Third, to the extent, if any, that the local rule is in conflict with the Texas Rules of Civil Procedure (or the Texas Constitution), the rule cannot be given controlling effect. *See Mayad v. Rizk,* 554 S.W.2d 835, 837 (Tex. Civ.App.—Houston [14th Dist] 1977, writ ref'd n.r.e.); TEX.R.CIV.P. 3a(1). If violation of the local rule led to the result asserted by Holloway (rendering void any order based on an erroneously filed motion), the local rule might well be in conflict with the Texas Rules of Civil Procedure and the Texas Constitution. In our view, the result suggested by Holloway is unwarranted and is not required by the terms of the rule upon which he relies.

■ Holloway's final argument is that Judge Walker's orders by which he claimed jurisdiction were issued ex parte without notice or a hearing, thereby violating the constitutional requirement of due process. For this reason, Holloway asserts that the 1982 *Browning* judgment is void. The con-

stitutional requirement of due process of law applies to deprivations of life, liberty, or property. *See* U.S. CONST. amend. XIV, § 1; TEX. CONST. art. I, § 19; *Weber v. Walker*, 591 S.W.2d 559, 568 (Tex.Civ. App.—Dallas 1979, no writ); *Galindo v. State*, 535 S.W.2d 923, 927 (Tex.Civ.App.— Corpus Christi 1976, no writ). Clearly, Holloway is not subject to deprivation of his life or liberty because of Judge Walker's and Judge Snodgrass's orders of transfer and consolidation. The only question is whether a proprietary interest of Holloway is adversely affected by those orders. We conclude that the answer to this question is "no."

Due process requires a fair and impartial trial before *a* competent tribunal. *In re B.M.N.*, 570 S.W.2d 493, 502 (Tex.Civ.App. —Texarkana 1978, no writ). The basic elements of due process are notice, a hearing, and *an* impartial trier of facts. *Martinez v. Texas State Bd. of Medical Examiners*, 476 S.W.2d 400, 405 (Tex.Civ.App.—San Antonio, writ ref'd n.r.e.), *appeal dism'd*, 409 U.S. 1020, 93 S.Ct. 463, 34 L.Ed.2d 312 (1972). A person simply does not have a protected proprietary interest in having his case heard by a *particular* judge. Holloway does not argue on appeal that Judge Walker was in any way biased or partial. Therefore, Judge Walker's and Judge Snodgrass's orders of transfer and consolidation did not affect, adversely or otherwise, any interest of Holloway that is protected by the requirement of due process. Again, we note that Holloway ignores Judge Gibbs's order since it validates the assignment of this case to Judge Walker.

All of Holloway's arguments in support of the granting of summary judgment in his favor involve matters that are inherently procedural. Holloway has not established that Judge Walker of the 162nd District Court lacked the subject matter jurisdiction necessary for rendition of the 1982 *Browning* judgment. Holloway has failed to show that he was entitled to judgment as a matter of law. *See Teer v. Duddlesten*, 664 S.W.2d 702, 703 (Tex.1984); TEX. R.CIV.P. 166a(c). The trial court erred in granting Holloway's motion for summary judgment. We sustain the Brownings' first point of error.

In their fourth point of error, the Brownings contend that the trial court erred in failing to give controlling effect to the federal courts' findings and rulings that Judge Walker's 162nd District Court had jurisdiction to render the original judgment. We agree. When neither Humble nor Holloway posted a supersedeas bond to stay execution of the 1982 *Browning* judgment, the Brownings filed suit in United States District Court to enforce that judgment against Humble, Holloway, and the bankruptcy trustee. Humble, Holloway, and the bankruptcy trustee resisted, contending that the proceedings before Judge Walker and the resulting judgment were void. *See Browning v. Navarro*, 826 F.2d 335, 339 (5th Cir.1987); *Browning v. Navarro*, 743 F.2d 1069, 1073 (5th Cir.1984). The United States Court of Appeals for the Fifth Circuit ultimately ruled that the 1982 *Browning* judgment was not void. That ruling is a final judgment. *See Browning*, 743 F.2d at 1071, 1085, 1086; *see also Browning*, 826 F.2d at 337, 339, 341, 342, 346. The court specifically held that the only issue remaining to be decided is whether the 1982 *Browning* judgment "may be set aside because it was procured by fraud." *See Browning*, 826 F.2d at 346.

A final judgment settles not only issues that were actually litigated; it also settles any issues that could have been litigated. *Segrest v. Segrest*, 649 S.W.2d 610, 612 (Tex.), *cert. denied*, 464 U.S. 894, 104 S.Ct. 242, 78 L.Ed.2d 232 (1983). The scope of res judicata extends to claims and defenses which arise out of the same subject matter and which might have been litigated in the earlier lawsuit. *See Boyne v. Harrison*, 647 S.W.2d 82, 86 (Tex.App.— Austin 1983, writ dism'd by agr.). A federal court judgment upholding the validity of a state court judgment is binding on the parties, and it is res judicata on the question of whether the state court judgment is void. *See Falsetti v. Lowman*, 405 S.W.2d 796, 800 (Tex.Civ.App.—Eastland 1966, writ ref'd n.r.e.).

We fail to see why Holloway and the other defendants in the federal lawsuit could not have raised in federal court the issues involved in this case. They defended the federal lawsuit by claiming that the 1982 *Browning* judgment was void. The issues raised by Holloway in this case arise out of the same subject matter of the federal case, and they could have been litigated in that lawsuit. The federal court judgment determining that the 1982 *Browning* judgment was not void is binding on the parties, and it is res judicata on the question of the validity of that judgment. *See Falsetti*, 405 S.W.2d at 800. The policy considerations involved certainly favor application of the doctrine of res judicata. Those considerations include judicial economy, prevention of vexatious litigation, and promotion of the stability of judicial decisions. *See John M. Gillis, P.C. v. Wilbur*, 700 S.W.2d 734, 736 (Tex.App.—Dallas 1985, no writ). We hold that all of Holloway's claims in this case that the 1982 *Browning* judgment is void for lack of subject matter jurisdiction are barred by the doctrine of res judicata. We sustain the Brownings' fourth point of error.

In their sixth point of error, the Brownings contend that the trial court erred in failing to grant their motion for summary judgment. The Brownings' position is that, since Holloway's motion for summary judgment is improper as a matter of law, the 1982 *Browning* judgment is viable and valid, and the trial court should have granted them summary judgment denying all of the Holloway claims. Holloway argues that the Brownings have waived any error on the ground that the trial court failed to grant their motion for summary judgment because (1) the trial judge did not rule on their motion, and (2) the Brownings filed no objection to the lack of a ruling.

■ The record reflects that there is no trial court order overruling the Brownings' motion. Nor does the record show that the Brownings objected to the trial court's failure to rule. If there is no ruling on a motion and no objection to the trial court's refusal to rule, the error, if any, is not preserved. *See Lynch v. Bank of Dallas*,

746 S.W.2d 24, 24–25 (Tex.App.—Dallas 1988, no writ); *Knops v. Knops*, 763 S.W.2d 864, 867 (Tex.App.—San Antonio 1988, no writ); TEX.R.APP.P. 52(a). The Brownings recognize the effect of the rule but counter Holloway's arguments by asserting that the record reflects that despite several written requests by their counsel to the trial court, the trial court refused to hear their motion. They also contend that by granting Holloway's motion, the trial court, by implication, necessarily overruled their motion.

■ First, the trial court's refusal to hear the Brownings' motion for summary judgment is not an error that can be cured on direct appeal. *See Crofts v. Court of Civil Appeals*, 362 S.W.2d 101, 104 (Tex. 1962); *Cleveland v. Ward*, 285 S.W. at 1068. Second, all that is before us on this appeal is the issue of whether the trial court erred in granting Holloway's twelfth motion for partial summary judgment. The judgment in this cause reflects that all claims of the parties other than Holloway's twelfth motion for partial summary judgment were severed into a separate suit and are currently pending in the trial court. The Brownings moved for summary judgment on all of Holloway's claims against them and on their counterclaim against Holloway. Since the trial court ruled only on the narrow issue raised in Holloway's twelfth motion for partial summary judgment and severed all other claims, the trial court's action does not, by implication, overrule the Brownings' motion for summary judgment.

The Brownings also argue that there is clear legal authority permitting this Court to consider the merits of the Brownings' motion for summary judgment. They rely on *Tobin v. Garcia*, 159 Tex. 58, 316 S.W.2d 396 (1958), as that authority. *Tobin* holds that when both parties file motions for summary judgment and one such motion is granted, then the trial court's judgment becomes final and appealable, and on appeal the appellate court should determine all questions presented. If reversible error is found, the court should render such judgment as the trial court

should have rendered. *See Tobin,* 316 S.W.2d at 400; *see also Jones v. Strauss,* 745 S.W.2d 898, 900 (Tex.1988); *Members Mut. Ins. Co. v. Hermann Hosp.,* 664 S.W.2d 325, 328 (Tex.1984); *Novak v. Stevens,* 596 S.W.2d 848, 849 (Tex.1980); *Ackermann v. Vordenbaum,* 403 S.W.2d 362, 364 (Tex.1966).

 Although we have held that the trial court committed reversible error when it granted Holloway's twelfth motion for summary judgment, we are of the opinion that the *Tobin* rule is not applicable to this case. First, in our view, in order to apply the *Tobin* exception, it is necessary that the complaining party's motion must have been heard and denied. *See Strauss,* 745 S.W.2d at 900; *Gulf, Colo. & Santa Fe Ry. v. McBride,* 159 Tex. 442, 322 S.W.2d 492, 496 (1958). Such is not the case here. Second, the record reflects that the Brownings' summary judgment was for judgment on all the Holloway claims against the Brownings and for affirmative relief on the Brownings' counterclaim against Holloway. The Brownings' counterclaim prayed for a permanent injunction against Holloway from further pursuing or instituting any suits challenging the validity of the 1982 *Browning* judgment and also for attorney's fees and court costs. The judgment before us reflects that all claims of the parties, other than the Holloway claims that the 1982 *Browning* judgment was void, were severed into a separate suit. All that is before us for consideration is whether the trial court erred in granting Holloway's twelfth motion for summary judgment. Since there is nothing in the record to show that the Brownings brought forward for hearing their counterclaim, and since their summary judgment is based in part on their counterclaim, we hold that we do not have authority to rule on the Brownings' motion for summary judgment. We overrule the Brownings' sixth point of error.

In their eighth point of error, the Brownings argue that the trial court erred by failing to grant them injunctive relief against Holloway. As we have previously stated, there is nothing in the record before us to show that any portion of the Brownings' counterclaim for affirmative relief by way of injunction is before us on this appeal. Although the propriety of such relief has been recognized by the Texas courts, under the state of the record in this case, we are not authorized to grant the relief requested by the Brownings. We overrule the Brownings' eighth point of error.

In view of our disposition of this appeal, it is not necessary to discuss or otherwise consider the Brownings' remaining points of error. We reverse the trial court's judgment and remand this cause for further proceedings consistent with this opinion.