

# NUMBER 13-20-00442-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ALEC RAYMOND CARRANZA,                                          Appellant,

v.

THE STATE OF TEXAS,                                              Appellee.

## On appeal from the 329th District Court
## of Wharton County, Texas.

## MEMORANDUM OPINION

### Before Justices Longoria, Hinojosa, and Tijerina
### Memorandum Opinion by Justice Tijerina

A trial court revoked appellant Alec Raymond Carranza's community supervision, adjudicated him guilty of aggravated robbery, and sentenced him to forty years' imprisonment. *See* TEX. PENAL CODE ANN. § 29.03. By seven issues, which we construe as three, Carranza argues the trial court: (1) committed constitutional error by conducting a revocation hearing and sentencing him without his physical presence in the courtroom

(issues 1–4 & issue 6); (2) lacked jurisdiction to revoke his community supervision and adjudicate him guilty (issue 5); and (3) erred in assessing court costs based on insufficient evidence (issue 7). We reverse and remand.[1]

## I. BACKGROUND

On October 2, 2018, Carranza pleaded guilty to aggravated robbery, a first-degree felony. *See id.* The 23rd District Court of Wharton County deferred adjudication and placed him on community supervision for a period of eight years.

On May 28, 2020, the State filed its first motion to adjudicate guilt in the 23rd District Court. On June 23, 2020, the State amended its motion, alleging Carranza committed the following offenses: (1 & 2) possession of marijuana, (3) possession of a controlled substance, (4) unlawful possession of firearm by a felon, (5) aggravated robbery, (6) failure to pay community supervision fees, (7) failure to pay drug test fees, (8) failure to pay court costs, (9 & 10) failure to abide by the 11:00 p.m. curfew condition when he was arrested on May 9, 2020, at 2:28 a.m. and June 19, 2020 at 3:03 a.m., and (11 & 12) failure to avoid persons of harmful character who have been convicted of crimes. The trial court issued a capias for Carranza's arrest, and on June 20, 2020, he was arrested and placed in the Wharton County jail.

On October 1, 2020, the 329th District Court of Wharton County held a hearing on the State's amended motion to adjudicate guilt, and Carranza appeared via jail monitor system. When the trial court asked Carranza whether he pleaded true or not true to the State's allegations, Carranza did not respond. Instead, his trial counsel entered pleas of

---

[1] On July 1, 2021, the State filed a motion for expedited disposition. We hereby grant the State's motion.

true and not true. The State presented numerous witnesses attesting to the allegations in the State's motion. As to the alleged aggravated robbery, a Stripes cashier testified that on June 16, 2020, she was working the graveyard shift. Carranza, dressed in black and donning gloves and a mask, leapt behind the counter, pointed a firearm to her head, and robbed the cash register. A witness inside Stripes similarly testified that Carranza grabbed him by the collar and threatened to shoot him during the robbery.

At the conclusion of the hearing, the trial court adjudicated Carranza guilty of aggravated robbery based upon Carranza's October 2, 2018 guilty plea, revoked his community supervision, and sentenced him to forty years' imprisonment. This appeal followed.

## II. JURISDICTION

By his second issue, Carranza contends the trial court lacked jurisdiction to revoke his community supervision and adjudicate him guilty.[2] The record in this case contains an indictment filed in the 23rd District Court, a judgment[3] deferring adjudication in the 23rd District Court, and a judgment adjudicating guilt in the 329th District Court. Carranza's sole argument is that "nothing in the record shows the 23rd District Court transferred jurisdiction of the case to the 329th District Court." *See* TEX. CODE CRIM. PROC. ANN. art. 42A.754 ("Only the court in which the defendant was tried may revoke the defendant's community supervision unless the judge has transferred jurisdiction of the case to another court under Article 42A.151.").

---

[2] Because this issue raises jurisdiction, we address it first as a threshold matter.

[3] We note that the judgment states "In the 329th District Court [of] Wharton County, Texas," but the 329th font is scratched out with ink and replaced with "23rd."

3

## A. Applicable Law

Both the 23rd and 329th Judicial Districts are within Wharton County. *See* TEX. GOV'T CODE ANN. §§ 24.124(a), 24.637(a). District judges in Texas are generally given broad authority to conduct proceedings of other district courts in the same county. *See id.* § 24.003(b); TEX. R. CIV. P. 330(e); *see also* TEX. CONST. art. 5, § 11 ("District Judges may exchange districts, or hold courts for each other when they may deem it expedient, and shall do so when required by law."); *In re Shoreline Gas, Inc.*, Nos. 13-06-00001-CV & 13-06-00018-CV, 2006 WL 2371472, at *5 (Tex. App.—Corpus Christi–Edinburg Aug. 17, 2006, combined appeal & orig. proceeding) (mem. op.) ("The ability to transfer cases among the courts within the same county is a very necessary tool in the orderly administration of justice."). The government code addresses district courts of Wharton County in particular:

> There is one general docket for the 23rd and 329th district courts in Wharton County. All suits and proceedings within the jurisdiction of the courts in Wharton County shall be addressed to the district court of Wharton County. All citations, notices, restraining orders, and other process issued in Wharton County by the clerk or judges of the courts are returnable to the district court of Wharton County without reference to the court number. On return of the process the judge of either court may preside over the hearing or trial. The judges of the 23rd and 329th district courts in Wharton County may hear and dispose of any matter on the courts' general docket, both civil and criminal, without transferring the matter.

TEX. GOV'T CODE ANN. § 24.124(f).

## B. Discussion

Given this broad statutory authority, there is effectively no substantive difference between the two Wharton County district courts. *See Starnes v. Holloway*, 779 S.W.2d 86, 96 (Tex. App.—Dallas 1989, writ denied) (noting in an analogous situation that

4

"[d]istinctions between the Dallas County civil district courts are obliterated, and each court constitutes a part of a greater judicial organism"); *see also In re Commitment of Wiley*, No. 13-20-00008-CV, 2021 WL 317653 (Tex. App.—Corpus Christi–Edinburg Jan. 28, 2021, no pet.) (mem. op.) ("Even if the purported transfer to the 23rd District Court is void, Judge Clapp was authorized, as the elected judge of the 329th Judicial District, to 'hear and dispose of any matter' on the docket of the 23rd District Court."). Thus, the 329th District Court in Wharton County was authorized to "hear and dispose of any matter" on the docket of the 23rd District Court "without transferring the matter." *See* TEX. GOV'T CODE ANN. § 24.124(f). We conclude the trial court properly exercised jurisdiction in this case. We overrule Carranza's second issue.

### III.     CONSTITUTIONAL ERROR

In issues one through four and issue six, Carranza argues there was fundamental constitutional error at the revocation hearing when the trial court adjudicated him guilty and sentenced him without his physical presence in the courtroom. The State agrees and asserts the trial court's judgment should be reversed and remanded for rehearing.

In this case, the trial court conducted Carranza's adjudication of guilt hearing in open court. Carranza was incarcerated at the time of the hearing and appeared via jail monitor system while his attorney, who was not present with Carranza at the prison unit, appeared in open court. Without addressing the merits of Carranza's issues and in accordance with both the parties' request, we reverse the trial court's judgment and remand the case to the trial court for a rehearing.[4]

---

[4] Because these issues are dispositive, we need not address Carranza's seventh issue. *See* TEX. R. APP. P. 47.1.

5

## IV.    CONCLUSION

We reverse the judgment of the trial court and remand this cause for proceedings consistent with this memorandum opinion.

JAIME TIJERINA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
29th day of July, 2021.

6