

# NUMBER 13-25-00029-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE KAITLAN ROSS

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Fonseca
Memorandum Opinion by Justice Fonseca[1]**

By petition for writ of mandamus, relator Kaitlan Ross contends that the 130th

District Court of Matagorda County, Texas, acquired continuing exclusive jurisdiction over

a lawsuit involving the parent-child relationship and then, without following the required

provisions of the family code regarding the transfer of cases, transferred the case to the

23rd District Court of Matagorda and Wharton Counties, Texas. *See* TEX. FAM. CODE ANN.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

§§ 155.201, 155.202, 155.204. Relator asserts that the 23rd District Court did not obtain jurisdiction over the case and all orders issued in that court after the transfer occurred on February 2, 2021, are void.

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). Alternatively, when a trial court issues an order "beyond its jurisdiction," mandamus relief is appropriate because its order is void ab initio. *In re Panchakarla*, 602 S.W.3d 536, 539 (Tex. 2020) (orig. proceeding) (per curiam) (quoting *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam)). In such a circumstance, the relator need not show it lacks an adequate appellate remedy. *See In re Vaishangi, Inc.*, 442 S.W.3d 256, 261 (Tex. 2014) (orig. proceeding) (per curiam); *In re Sw. Bell Tel. Co.*, 35 S.W.3d at 605.

The Texas Constitution provides that "[d]istrict [j]udges may exchange districts, or hold courts for each other when they may deem it expedient, and shall do so when required by law." TEX. CONST. art. V, § 11; *see also* TEX. GOV'T CODE ANN. §§ 24.003 (regarding the transfer of cases and exchange of benches in counties with two or more district courts), 74.094(a) (concerning hearing cases in a county); TEX. R. CIV. P. 330(e)

(regarding the exchange and transfer of cases between district courts in a county). Further, the government code specifically provides that "[t]here is one general docket for the 23rd and 130th district courts in Matagorda County." TEX. GOV'T CODE ANN. § 24.124(c). "[T]he judge of either court may preside over the hearing or trial," and "may hear and dispose of any matter on the courts' general docket without transferring the matter." *Id.*; *see Starnes v. Holloway*, 779 S.W.2d 86, 96 (Tex. App.—Dallas 1989, writ denied) (noting in an analogous situation that "[d]istinctions between the Dallas County civil district courts are obliterated, and each court constitutes a part of a greater judicial organism").

The Court, having examined and fully considered Ross's petition for writ of mandamus, the response filed by real party in interest Aaron Lance Mach, the filing offered by the Child Support Division of the Office of the Attorney General, and the applicable law, is of the opinion that Ross has not met her burden to obtain mandamus relief under the specific circumstances presented here. Given the broad statutory authority provided by § 24.124, there is effectively no substantive difference between the two district courts, and even if the transfer was void, the 23rd District Court was authorized to hear and dispose of any matter on the docket without a transfer. *See* TEX. GOV'T CODE ANN. § 24.124(c); *see also Carranza v. State*, No. 13-20-00442-CR, 2021 WL 3196239, at \*\*1–2 (Tex. App.—Corpus Christi–Edinburg July 29, 2021, no pet.) (mem. op., not designated for publication); *In re Commitment of Wiley*, No. 13-20-00008-CV, 2021 WL 317653, at \*4–5 (Tex. App.—Corpus Christi–Edinburg Jan. 28, 2021, no pet.) (mem. op.). We conclude that the trial court properly exercised jurisdiction in this case. Therefore, we

3

deny the petition for writ of mandamus.

YSMAEL FONSECA
Justice

Delivered and filed on the
7th day of March, 2025.