John FOX, Appellant,

v.

Joe WARDY, Mayor, Susan Austin, Jose A. Lozano, John F. Cook, Daniel S. Power, Paul J. Escobar, Vivian Rojas, and Anthony W. Cobos, Appellees.

No. 08–04–00361–CV.

Court of Appeals of Texas, El Paso.

July 28, 2005.

---

John Fox, El Paso, pro se.

Lisa Elizondo, El Paso, for Appellees.

Before Panel No. 5 BARAJAS, C.J., McCLURE, and PARKS (sitting by assignment), JJ.

## OPINION

ANN CRAWFORD McCLURE, Justice.

John Fox appeals from an order transferring the case from the 171st District Court to the 327th District Court. We dismiss the appeal for want of jurisdiction.

## FACTUAL SUMMARY

Fox has filed several suits related to the condemnation of an apartment complex owned by him. In this case, Fox filed a negligence suit in cause number 2003–4511 (171st District Court) against the mayor and members of the city council. The 171st District Court entered an order transferring the case to the 327th District Court with the consent of the judge of that court. Fox filed a notice of appeal stating his intent to appeal the transfer order. On appeal, Fox raises a single issue challenging the transfer order.

## INTERLOCUTORY APPEAL

Appellate courts generally have jurisdiction over final judgments and such interlocutory orders as the legislature deems appealable. Tex.Civ.Prac. & Rem. Code Ann. § 51.012 (Vernon 1997) and § 51.014 (Vernon Supp.2004–05); *Ruiz v. Ruiz*, 946 S.W.2d 123, 124 (Tex.App.-El Paso 1997, no writ). A judgment is final and appealable if it disposes of all parties and all issues. *Ruiz*, 946 S.W.2d at 124. Section 51.014 of the Civil Practice and Remedies Code authorizes an interlocutory appeal in the following instances: (1) appointment of a receiver or a trustee; (2) overruling a motion to vacate an order that appoints a receiver or a trustee; (3) certification or refusal to certify a class; (4)

granting or refusing to grant a temporary injunction or overruling a motion to dissolve a temporary injunction; (5) denial of a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state, or a political subdivision of the state; (6) denial of a motion for summary judgment based in whole or in part on a claim against or defense by a member of the electronic or print media that arises under the First Amendment to the United States Constitution, Article I, § 8 of the Texas Constitution, or Chapter 73 of the Civil Practice and Remedies Code; (7) granting or denying a special appearance under Rule 120a except in a suit brought under the Family Code; (8) granting or denying a plea to the jurisdiction by a governmental unit; (9) denying all or part of the relief sought by a motion under Section 74.351(b); and (10) granting relief sought by a motion under Section 74.351(*l*). Tex.Civ. Prac. & Rem.Code Ann. § 51.014(a).

The trial court has not entered a final judgment. Further, Section 51.014 does not authorize the interlocutory appeal of a transfer order. Therefore, we dismiss this interlocutory appeal for want of jurisdiction.