**Opinion issued July 26, 2018**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-18-00295-CV**

———————————

**IN THE MATTER OF LAWRENCE ADAMS, Appellant**

---

**On Appeal from the 313th District Court**
**Harris County, Texas**
**Trial Court Case No. 2017-32507**

---

**MEMORANDUM OPINION**

Appellant, Lawrence Adams, is attempting to appeal from the trial court's "Order of Transfer" that transferred the cause from one district court to another district court.

Generally speaking, appellate courts only have jurisdiction over appeals from final judgments. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001);

*N.E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966). Texas appellate courts only have jurisdiction to immediately consider appeals from interlocutory orders if a statute explicitly provides appellate jurisdiction. *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998).

The trial court's "Order of Transfer" is neither a final judgment nor an interlocutory order for which an appeal is authorized by statute and is therefore not an appealable order. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a) (West Supp. 2017); *Starnes v. Holloway*, 779 S.W.2d 86, 93 (Tex. App.—Dallas 1989, writ denied) (holding that order transferring case from one state court to another was interlocutory order); *Fox v. Wardy*, 224 S.W.3d 307, 309 (Tex. App.—El Paso 2005, pet. denied) (same). After being notified that this appeal was subject to dismissal, appellant filed a response but did not demonstrate that this Court has jurisdiction over the appeal. Because appellant is attempting to appeal an interlocutory order which is not authorized by statute, we lack jurisdiction over this attempted appeal.

Accordingly, we dismiss the appeal. *See* TEX. R. APP. P. 42.3(a), (c); 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Jennings and Lloyd.

2