**Opinion issued August 30, 2018**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-00641-CV

———————————

### LUCERO VALLE-CHAVEZ, Appellant

### V.

### ROOSEVELT MOORE III, Appellee

---

### On Appeal from the 245th District Court
### Harris County, Texas
### Trial Court Case No. 2016-77241

---

## MEMORANDUM OPINION

Appellant, Lucero Valle-Chavez, has filed a notice of appeal of the trial court's "Order of Transfer as a form of final judgment signed by the Court on June 28, 2018." We dismiss the appeal for want of jurisdiction.

In the trial court proceeding, appellant filed an "Original Petition for Divorce and Request for Temporary Restraining Order" against appellee, Roosevelt Moore III. The case was assigned to the 312th District Court of Harris County. On June 28, 2018, the trial court signed an "Order of Transfer," transferring the case from the 312th District Court of Harris County to the 245th District Court of Harris County "[p]ursuant to local rules of court." On July 12, 2018, appellant filed her notice of appeal of the order of transfer.

Generally, appellate courts have jurisdiction only over appeals from final judgments. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Ne. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966). An appellate court also has jurisdiction to consider an appeal from an interlocutory order if a statute explicitly provides jurisdiction. *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998); *see, e.g.*, TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (Vernon Supp. 2017) (authorizing appeals from certain interlocutory orders). The clerk's record filed in this Court does not show that the trial court has signed an appealable interlocutory order or a final judgment that disposes of all parties and claims in the trial court proceeding.

Accordingly, the Clerk of this Court notified appellant that the appeal was subject to dismissal for want of jurisdiction unless she filed a written response showing how this Court has jurisdiction over the appeal. *See* TEX. R. APP. P. 42.3(a).

Appellant has not responded to the notice; however, her notice of appeal indicates that she appeals the trial court's transfer order "as a form of final judgment."[1]

The transfer order does not meet the requirements of a final judgment. *See In re Elizondo*, 544 S.W.3d 824, 827–28 (Tex. 2018) (orig. proceeding). A judgment is final for purposes of appeal if it disposes of all pending claims and parties in a case or "states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Lehmann,* 39 S.W.3d at 192–93. The transfer order here does not dispose of any claims or parties before the trial court or state that it is a final judgment. The order only transfers a pending case from one district court to another district court. *See Albert v. Gerstner*, 232 S.W.3d 117, 123 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) (explaining district judge may transfer case from one court to another). The order is "neither a final judgment nor an interlocutory order for which an appeal is authorized by statute and is therefore not an appealable order." *In re Adams*, No. 01-18-00295-CV, 2018 WL 3580942, at *1 (Tex. App.—Houston July 26, 2018, no pet. h.) (mem. op.); *see Fox v. Wardy*, 224 S.W.3d 307 (Tex. App.—El Paso 2005, pet, denied) (concluding transfer order was not final judgment or appealable interlocutory order); *Starnes v. Holloway*, 779 S.W.2d 86, 93 (Tex.

---

[1]     Appellant has also filed in this Court a copy of her request for a reporter's record in which she states that "[t]he trial court signed a final judgment in this case on June 28, 2018."  The clerk's record includes only the Order of Transfer signed on June 28, 2018.

App.—Dallas 1989, writ denied) (holding "order transferring case from one state court to another was an interlocutory order," "was not a final judgment," and "was not appealable").

Accordingly, we dismiss the appeal for want of jurisdiction. We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Higley, and Massengale.